## Patterson's Appeal.

1. Upon the audit of the account of a trustee in the Orphans' Court of Allegheny county, to which account exceptions had been filed, the auditing judge filed an adjudication or opinion, refusing to sustain said exceptions, and entered a formal decree, wherein the entire account was reformed and restated. The exceptant having taken an appeal from said decree to the Supreme Court, the accountant moved to quash the appeal on the ground that, no exceptions having been filed to the adjudication and decree of the auditing judge, the said decree was not a definitive decree of the Orphans' Court, from which an appeal would lie.

*Held :* that while the decree in this case was so definitive in form and law, as to support an appeal, yet the better practice demands that a party dissatisfied with a finding of facts or law, by the Auditing Judge, should file exceptions thereto and have them considered by the Orphans' Court in banc before the final decree is made.

2. Where a trustee, who is authorized by an order of court to expend a certain sum in the construction of a building, exceeds the expenditure so authorized, he takes the risk of being surcharged; but where the court subsequently approve such expenditure, he is relieved from liability.

October 23rd 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey and Sterrett, JJ. Green and Clark, JJ., absent.

Appeal from the Orphans' Court of *Allegheny county :* Of October and November Term 1883, No. 13.

This was an appeal by Robert W. Patterson from a decree dismissing his exceptions to the account of T. H. Baird Patterson, trustee appointed by said court for the devisees under the will of Joseph Patterson, deceased, and reforming and restating said account.

The material facts were as follows: Joseph Patterson died March 25th 1868, having by his will devised certain parcels of unimproved real estate in the city of Pittsburgh to his several children for life and after their death, as therein directed. With the view to the improvement of said real estate a petition was filed in the Orphans' Court by the several parties in interest, under the Act of April 18th 1853, for leave to mortgage a por-

tion of said real estate for the sum of $64,000, the same to be expended in the construction of a row of buildings, and praying further, that T. H. Baird Patterson be appointed and authorized as trustee, representing all contingent interests, in the premises, to join with the petitioners in the mortgage, and to receive the mortgage money, with full power to expend the said sum of $64,000 in the construction of said buildings, and thereafter to lease and collect the rents thereof and to apply the same to payment of taxes, interest on mortgage, insurance, repairs, etc., and to create from said rents a sinking fund for the payment of the principal of said mortgage.

The court on March 1st 1879, entered a decree in accordance with the prayers of the petition and directed the trustee to give bond with approved sureties in the sum of $100,000, which was done.

The trustee caused the buildings to be constructed, leased the same, and afterwards filed his account, in which he charged himself with the mortgage money, $64,000, and with certain other sums advanced to or borrowed by him, and with the rents received. It appeared by this account that the trustee had expended in the construction of said buildings a much larger sum than the $64,000 authorized by the before mentioned decree.

Robert W. Patterson filed exceptions to the account, on the grounds, inter alia, of such unauthorized expenditure; because the account was not stated in proper form so as to show, inter alia, the receipts and expenditures on account of the several individual interests; he further excepted to the credit claimed by the accountant for commissions at the rate of five per cent. upon the total amount expended by him.

At the audit of the account, after argument upon the exceptions, the auditing judge (OVER, J.) reformed and restated the entire account and entered a decree setting forth in full the account as so restated; and imposing the costs of said proceeding upon the accountant. OVER, J., also filed an opinion in which he held that the increased expenditure for the building was judiciously made, with the result of largely enhancing the rental and permanent value of the property; further, that the trustee had given great care and attention to his duties and was entitled to the credit claimed for commissions. None of the exceptions filed by Robert W. Patterson were sustained. No exceptions were filed to the said adjudication or decree.

Robert W. Patterson thereupon took this appeal, assigning for error the refusal of the court to sustain his exceptions to the trustee's account, and the said decree.

Counsel for the appellee filed a motion to quash the appeal, on the ground that the decree appealed from was entered upon the adjudication of the audit of the trustee's account and not

upon exceptions to the adjudication of the auditing judge ; and said decree therefore, was not a final decree of the Orphans' Court, from which an appeal would lie.

*Hampton* and *Isaac S. Van Voorhis* (*Dalzell* with them), for the appellant.—The decree is a definitive decree, from which an appeal will lie to the Supreme Court : Owen's Appeal, 28 P. F. S. 511.

[STERRETT, J.   As I understand the practice of the separate Orphans' Courts, where one of the judges sitting as an Auditor disposes of exceptions filed to an account, any party dissatisfied may file exceptions to the adjudication, which are heard before the Orphans' Court in banc and the decree of the court upon such exceptions is the final decree, from which an appeal may be taken.]

That, I believe, is the practice in Philadelphia county, but it is otherwise in Allegheny county.   If it is error, it arises from the misunderstanding of the court below, of its own rules. The decree entered by the auditing judge, not having been excepted to, stands as the final decree of the court.

*Thomas Patterson* (*Thomas M. Marshall* with him), for the appellee.

Chief Justice MERCUR delivered the opinion of the court, November 5th 1883.

This decree is so definitive in form, as well as in law, that we must refuse to quash the appeal.   Nevertheless, we think that a party dissatisfied with the finding of facts or of law by the auditing judge should file exceptions thereto, and have them considered and decided by the Orphans' Court, before the final decree is made.   Justice to the important interests passed upon by that court, requires this.   If the decree be brought here for review, we are entitled to all the aid to be derived from that last consideration of the case.

A careful examination of the evidence and of the finding fails to convince us that there is any error in the decree.   That the account was irregularly kept and at first improperly presented is unquestioned ; but it was restated and corrected, and all the costs resulting from its improper presentation were imposed on the accountant.

In expending a greater sum in the erection of the building than was at first authorized by the order of court, the appellee ran the risk of not having his increased expenditure meet the approval of the court.   It was however, approved, and we think justly.   The money appears to have been judic-

iously expended, and much of the work was done on consulta-
tion with the appellant and under his immediate observation.
It would now be inequitable to disturb the decree.

Decree affirmed and appeal dismissed at the costs of
the appellant.