## Bender's Estate.

*Executors and administrators—Trusts and trustees—Surcharge—Embezzlement of funds by attorney-at-law.*

1. Where an executrix, following a suggestion of testator, employs the same attorney-at-law that testator had employed in his lifetime, and such attorney had always borne a good reputation. executrix cannot be surcharged with funds of the estate embezzled by the attorney, if she has not been negligent herself.

2. In such case, a trust company to whom the executrix was to pay over the fund as a trust, cannot be surcharged with the amount embezzled, if it appears that it never received the money and was not itself guilty of negligence.

*Executors and administrators—Accounts—Restating accounts—Practice, C. P.—Acts of Oct. 13, 1840, P. L. (1841) 1, and June 7 1917, P. L. 447, 514.*

3. Under the Act of October 13, 1840, P. L. (1841) 1, and section 48 of the Act of June 7, 1917, P. L. 447, 514, the orphans' court has authority to reform or restate an account, on petition of an executor, administrator or any other person interested, within five years from final decree.

4. The orphans' court has inherent power to review an account, aside from the provisions of the Acts of 1840 and 1917, where

justice and equity require it; the power will be liberally exercised where no rights have changed in consequence of the decree.

5. Where an account of an executrix is restated as a result of a proceeding to compel payment of a sum awarded by an auditor, the orphans' court has power to do so, without a personal petition by the executrix.

6. When an account is restated it is the latter and not the original that binds the parties.

*Executors and administrators—Trusts and trustees — Fraud — Bank treasurer's checks—Notice.*

7. Where an attorney embezzles moneys of an estate which were to be paid over by the executrix to a trust company as trustee, and, to conceal the fraud, he pays over the quarterly interest thereon to the executrix by treasurer's checks of the trust company payable to her, the trust company cannot be charged with notice of the purpose for which the checks were to be used.

8. It is common bank practice to sell such checks, which are taken somewhat as an equivalent for cash.

Argued May 14, 1923. Appeal, Nos. 62, 325 and 326, Jan. T., 1923, by York Trust Company, trustee, Flora A. Bender, executrix, and Christopher C. Bender, remainderman, from decree of O. C. York Co., refusing surcharges in Estate of John C. Bender, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to restated account. Before ROSS, J.

The opinion of the Supreme Court states the case.

Exceptions dismissed. York Trust Company, Trustee, Flora A. Bender, executrix, and Christopher C. Bender, remainderman, appealed.

*Errors assigned,* inter alia, were decrees, quoting them.

*George Hay Kain,* with him *Richard E. Cochran,* for appellant, York Trust Co.—The burden is on executrix to avoid the order to pay: Ludwig v. Gorsuch, 154 Pa. 413; Taylor v. Coggins, 244 Pa. 228; Pepper v. Cairns, 133 Pa. 114; Sergeant v. Martin, 133 Pa. 122; Watkins v. Benscoter, 264 Pa. 574.

A trustee is not liable beyond the funds actually received except where it has been guilty of supine negligence: Calhoun's Est., 6 Watts 185; Landmesser's App., 126 Pa. 115; Swoyer's App., 5 Pa. 377; Reformed Presbyterian Church v. Livingston, 210 Pa. 536; P. R. R. Co.'s App., 86 Pa. 80; Burton's App., 93 Pa. 214; Shattuck v. Cement Co., 205 Pa. 197; Old's Est., 176 Pa. 150; Lightner's Est., 187 Pa. 237; Lipman v. Noblit, 194 Pa. 416; Pepper v. Cairns, 133 Pa. 114; Sergeant v. Martin, 133 Pa. 122; Watkins v. Benscoter, 264 Pa. 574; Johnson's App., 12 S. & R. 317.

*Harvey A. Gross*, for appellants, Flora A. Bender and Christopher C. Bender.—Where a trustee neither exercises common skill, common prudence, nor common caution, and is either guilty of supine negligence in being ignorant of facts which ordinary intelligence would have disclosed to him, or if known, in not exercising his best judgment upon them, and a loss results, he will be surcharged: Hart's Est. (No. 1), 203 Pa. 480; Irvine's Est., 203 Pa. 602; Adams's Est., 221 Pa. 77; Semple's Est., 189 Pa. 385.

An executor is not liable for securities stolen by her attorney where no negligence on her part has been established: Darlington's Est., 245 Pa. 212; Webb's Est., 165 Pa. 330.

The orphans' court has inherent power to and should grant a review aside from the provisions of either act, where justice and equity require it, and no one will suffer by reason thereof: Troutman's Est., 270 Pa. 310; Chappell's Est., 264 Pa. 486; Sloan's Est., 254 Pa. 347; Zeigler's Petition, 207 Pa. 131.

OPINION BY MR. JUSTICE KEPHART, June 23, 1923:

These appeals are from the decree of the orphans' court refusing to surcharge both the executrix and the trustee for moneys collected and embezzled by the attorney representing the estate. In the first appeal the trustee

seeks to surcharge the executrix; in the second, the executrix and a remainderman wish to surcharge the trustee. Both appeals will be considered in their order in this opinion.

John C. Bender died in March, 1912. By will his wife was appointed executrix and his residuary estate was bequeathed to the York Trust Company, as trustee for his widow for life, and, after her death, to collateral relatives, of which the remainderman appellant is one. During his life, Bender retained Robert J. Lewis, a member of the Bar of York County, as his counsel; he suggested to his wife that, after his death, Lewis should be continued as legal adviser to assist in the settlement of the estate. He collected all of the assets and embezzled most of the money collected. During this time he held numerous conferences with the executrix in which she was assured the estate was being properly administered and everything was all right. He caused an account to be prepared, showing a balance in her hands for distribution of $25,000. An auditor awarded $23,000 to the trustee. Of this sum $4,000 was paid; the balance remained unpaid. Numerous efforts were made by the executrix and the trustee to have Lewis pay the balance, but the efforts were unavailing. He had systematically misled the widow by paying to her seven quarterly payments of $345 each as interest on the funds supposed to be in the trust company. These ended December, 1916. The payments were made by treasurer's checks of the trust company.

Finally the attorney admitted he had embezzled the moneys, promised to pay, and, on January 25, 1917, absconded, leaving practically no assets, and, as stated in the record, over $200,000 of debts. The above are facts found by the court below.

The widow then cited the York Trust Company to file an account, and about the same time the trust company, as trustee, asked that she be directed to pay over the balance of the trust funds awarded by the auditor in

1915. As she never had in her possession at any time the moneys collected by Lewis, the court permitted the executrix to restate her account, charging herself with the money actually received. This account was confirmed, the court refusing to surcharge the widow as executrix or the trust company as trustee. Its action in both petitions must be affirmed, under the findings of fact.

The Act of October 13, 1840, P. L. (1841) 1, and section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, expressly give the orphans' court authority to reform or restate an account, on petition of an executor, administrator or any other person interested, within five years from final decree. While the account was restated as a result of the proceeding to compel payment of the sum awarded by the auditor, the orphans' court had power to so order; her personal petition was not necessary. It developed Lewis fraudulently prevailed on her to file it to further screen his acts and possibly shift responsibility.

We said, in Chappell's Est., 264 Pa. 486, 487, that the court may correct its records in the interest of justice, even to protect parties from their own mistakes and blunders, and, where no rights have changed in consequence of the decree, the power of correction will be liberally exercised. The orphans' court had inherent power to review the account, aside from the provisions of either act, where justice and equity require it: Troutman's Est.; 270 Pa. 310.

Whether the executrix exercised good faith, common skill, prudence and caution in the selection of counsel to manage her estate must be determined from the evidence: Detre's Est., 273 Pa. 341, 350; Adams's Est., 221 Pa. 77; Semple's Est., 189 Pa. 385. The court below found that Lewis had theretofore sustained a good reputation for honesty and integrity, and his retention was at the suggestion of her husband. With his apparent standing, the advice of her husband and the condition of the widow's health, necessitating someone in whom she had implicit

confidence to take care of her, we cannot hold that, in employing and trusting Lewis with the affairs of the estate, she was guilty of negligence in managing it. An executrix is not liable for secret stealings by her attorney where no negligence on her part is established. And this is especially true where his honesty and responsibility are vouched for by testator: Darlington's Est., 245 Pa. 212; Springer's Est., 259 Pa. 46; Walker v. Pennsylvania Company for Insurances on Lives, etc., 263 Pa. 480.

The estate was in the hands of the legal representatives from 1912 to 1918. The auditor's report was filed in 1915. It was not until 1916 that anything was known concerning Lewis' defalcations. While this seems unduly long under the evidence and the findings, the court below did not err in refusing surcharge. That Lewis was not arrested and prosecuted is not of itself sufficient to charge negligence, in view of the other circumstances of the case.

As the widow has been declared not negligent, her effort to make the trust company responsible for what she failed to do must of course fail. There is no appeal by any remainderman from the restated account. When an account is restated it is the latter and not the original that binds the parties: Patterson's App., 104 Pa. 369.

To charge the trustee with the moneys embezzled by Lewis, it must be guilty of supine negligence, for the trustee is only liable for the funds actually received, unless it is guilty of such negligence: Detre's Est., supra 350. The initial cause of the trouble was the mistaken judgment in reposing trust and confidence in Lewis. But, since the widow as executrix should not be surcharged for this error, how can the trustee, to whom she as executrix was to pay the money over, be held responsible for her neglect? As stated by the court below, "It was her duty to see that the trust funds were duly collected and deposited with the trustee; and, while it

may be said that it was carelessness which permitted the embezzlement of the trust funds, yet it is plain that the embezzler was the employed attorney of the executrix. He misled her by making her believe the funds had been deposited with the trustee; and she, the executrix, trusting in his word, did nothing further to ascertain the truth until it was too late to recover from the embezzler. If she is to be excused, surely the trustee, who could properly look to her for payment of the trust funds, should not be held liable."

Considering the effort to secure the funds from Lewis and the executrix, the conversations with relatives and the fact that the trust company's treasurer's checks paid the quarterly interest to deceive Mrs. Bender, all these circumstances do not convict it of supine negligence; this is practically the evidence on which appellants base their claim. The officers of the trust company might have pursued the widow more vigorously, but they knew Lewis had the money, and tried to secure it from him. The conversations with relatives were inconsequential, containing nothing of definite character. Almost anyone may go into a trust company and buy a treasurer's check. Merely because an attorney representing an estate bought the check in the name of the beneficiary would not charge the company with notice of the purpose for which the checks were to be used. It is a common bank practice to sell these treasurer's checks, which are taken somewhat as an equivalent of cash.

The York Trust Company as trustee acted for the remainderman as well as for the life tenant. When it did all that could reasonably be expected to get the money from its paymaster, the executrix, and failed, it answered every demand that could thereafter be made by the remainderman, a complaining appellant. He was fully aware of the circumstances connected with the estate, taking an active part in it. The trustee's efforts to surcharge the executrix, who is to pay, were made in good faith, and are binding on the remainderman; he

cannot thereafter surcharge the trustee, for the estate denied it.

The decree of the court below is affirmed, at the cost of appellants.