**In Re: ESTATE OF Jonathan Mills WESTIN.**

**Appeal of: Jonathan Mills Westin Creditors or JMW Creditors.**

Superior Court of Pennsylvania.

Submitted Nov. 22, 2004.
Filed April 28, 2005.

Joseph Cafaro, Jr., Pittsburgh, for appellant.

Robert A. Arcovio, Pittsburgh, for Jones, appellee.

Vincent J. Grogan, Pittsburgh, for Dice, appellee.

Richard H. Luciana, Oakmont, for Woods, appellee.

Gerald A. Role, Washington, D.C., for Internal Revenue Service, appellee.

Wesley T. Long, Greensburg, for Artman, appellee.

Stephen J. Poljak, Pittsburgh, for Zavarella, appellee.

Before: PANELLA, BECK and JOHNSON, JJ.

BECK, J.

¶ 1 The issues addressed in this appeal are removal of an estate's executor and surcharge against him and his law firm, after loss of the estate's assets due to criminal activity at the firm.

¶ 2 Appellants, all of whom had invested money with the decedent Jonathan Mills Westin, are eighteen creditors of the decedent's estate. By terms of Westin's will, Paul D. Zavarella, an attorney in the law firm of Bruce E. Dice & Associates, P.C., was appointed executor of the estate. He probated the will; obtained letters of administration; and on January 31, 2002 filed his first and final account of the estate. Bruce E. Dice, who was legal counsel for the estate, was listed as counsel of record on the account. The orphan's court issued its decree and schedule of distribution on September 25, 2002, distributing the estate's remaining financial assets, which amounted to $382,796. Out of this total, $89,469 was apportioned to appellant-creditors, and most of the rest, to the Internal Revenue Service.

¶ 3 Several months later, distribution of the estate's funds still had not been made. In response to a petition by appellants, the court issued a citation to Zavarella on January 8, 2003 to show cause why distribution should not be made in accordance with the September 25, 2002 decree. A hearing was held on February 6, 2003, at which time the court learned that funds belonging to the Westin estate had been embezzled by the office manager[1] of Dice & Associates. Only approximately $10,000 remained of the Westin estate funds.

¶ 4 On September 22, 2003, appellants filed a petition for a citation to show cause why Zavarella should not be removed as executor, and to show cause why Zavarella, Dice, and Dice & Associates should not be surcharged for the embezzled estate funds. Appellants also sought to surcharge Frank Jones, Esq., who assisted Dice with some aspects of the estate's accounting. After hearing argument, the court issued an order on April 14, 2004

with the following provisions: 1) The request to remove Zavarella as executor was moot as he had consented to withdraw; 2) The requests for surcharge for the embezzled funds against Zavarella, Dice, and Dice & Associates were denied; 3) Relief sought against Jones was denied as he was not a party litigant; 4) A judgment in the amount of $382,795 against the estate was entered in favor of all creditors; and 5) Claims of professional liability against Zavarella, Dice, and Dice & Associates were to be pursued in the civil division of the court of common pleas.

¶ 5 In this timely appeal, appellant-creditors contend that the trial court erred in three ways: first, by refusing to grant a hearing on the removal of Zavarella as executor of the estate; second by denying their petition for surcharge; and third, by entering a judgment against the estate rather than a surcharge against the executor.

¶ 6 In reviewing an order from the orphans' court, our standard is narrow: we will not reverse unless there is a clear error of law or an abuse of discretion. *In re Estate of Geniviva*, 450 Pa.Super. 54, 675 A.2d 306, 310 (1996); *In re Estate of Albright*, 376 Pa.Super. 201, 545 A.2d 896, 903 (1988), *appeal denied*, 522 Pa. 571, 559 A.2d 33 (1989). Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record. *Albright, supra.*

## I. Removal of Executor

¶ 7 The court has statutory authority to remove a personal representative when, *inter alia*, "the interests of the estate are likely to be jeopardized by his continuation in office." 20 Pa.C.S.A. § 3182(5). Fur-

---

1. The office manager, Irene Borandi–Dice, was Mr. Dice's former wife. She entered into a plea bargain and was sentenced to federal prison for the embezzlement.

thermore, the court may summarily remove a personal representative when such action is "necessary to protect the rights of creditors or parties in interest." 20 Pa. C.S.A. § 3183. Our case law has recognized that "removal of a fiduciary is a drastic action which should be taken only when the estate is endangered and intervention is necessary to protect the property of the estate." *In re Estate of Pitone*, 489 Pa. 60, 68, 413 A.2d 1012, 1016 (1980) (quoting *Scientific Living, Inc. v. Hohensee*, 440 Pa. 280, 295, 270 A.2d 216, 224 (1970)).

■■■ ¶ 8 Sufficient reason for removal of a fiduciary has been found when the fiduciary's personal interest is in conflict with that of the estate, such that the two interests cannot be served simultaneously. *In re Estate of Dobson*, 490 Pa. 476, 483 n. 6, 417 A.2d 138, 142 n. 6 (1980); *In re Estate of Lux*, 480 Pa. 256, 269–71, 389 A.2d 1053, 1059–60 (1978); *In re Estate of Rafferty*, 377 Pa. 304, 305–06, 105 A.2d 147, 148 (1954). The reasons for removal of a fiduciary must be clearly proven. *Lux, supra* at 269, 389 A.2d at 1059; *Scientific Living, supra* at 295, 270 A.2d at 224. However, proof of a conflict of interest can be inferred from the circumstances. *See In re Estate of Gadiparthi*, 158 Pa.Cmwlth. 537, 632 A.2d 942, 946 (1993) (ordering removal of an administra-

tor, based on conflict of interest, after he challenged decedent's ownership of property titled in decedent's name). When a conflict of interest is apparent from the circumstances, bad faith or fraudulent intent on the part of the fiduciary need not be proven. *Dobson, supra* at 483 n. 6, 417 A.2d at 142 n. 6 (citing *In re Estate of Banes*, 452 Pa. 388, 395, 305 A.2d 723, 727 (1973); *In re Estate of Noonan*, 361 Pa. 26, 32–33, 63 A.2d 80, 84 (1949)).

■■ ¶ 9 In the present case, all parties agree that at least $370,000 from the Westin estate was embezzled from an account maintained by executor Zavarella's law firm, Dice & Associates. This fact was revealed to the court in February 2003, but the record reveals no evidence of any attempts by the executor to recover these funds for the estate. By any reasonable measure, the estate has grounds to file a claim against Zavarella and Dice & Associates to recover its assets. Zavarella would then be in the position of representing the estate, in his capacity as executor, in a claim against himself and his law firm. A conflict of interest between Zavarella and the estate is readily apparent from these circumstances. Therefore, Zavarella should be removed as executor of the Westin estate and a new administrator should be appointed.[2]

2. The record reveals confusion in the executor status of Zavarella at present. On September 22, 2003, appellants filed a petition to show cause why Paul Zavarella should not be removed as executor. The next day the orphans' court issued an order that summarily removed Zavarella as executor. The same order decreed that a citation be issued upon Zavarella to show cause why he should not be removed as personal representative of the estate on the ground of conflict of interest. On October 14, 2003, the court issued an order vacating the September 23, 2003 order, but retaining the provisions summarily removing Zavarella as executor and requiring him to show cause why he should not be removed as

personal representative. Zavarella filed a petition to vacate the court order and reinstate him as executor. The court subsequently indicated that the order removing Zavarella as executor was inadvertently signed. N.T. 11/14/02 p. 5. On April 14, 2004 the court issued the order from which this appeal is taken. This order declared that the petition to remove Zavarella as executor was moot, as he had consented to withdraw. However, the proceedings do not support the view that Zavarella consented to withdraw as executor. His attorney contested the suggestion of the court that he step aside but then indicated that he would be willing to step aside if his interests in the estate could be protected.

## II. Surcharge

¶ 10 Appellants next contend that the orphans' court erred in denying their petition for surcharge against Zavarella, the executor of the estate, for the embezzled funds. Since a decree and schedule of distribution regarding the estate's assets had already been entered, the orphans' court questioned its continuing jurisdiction over the matter, denied appellants' petition for surcharge, and ordered that appellants pursue all claims of professional liability in the civil division of the court of common pleas. We disagree.

¶ 11 Jurisdiction over decedents' estates and their fiduciaries is invested, by statute, solely in the orphans' court.[3] Our case law has made clear that both the decedent's estate and the executor are under the control and supervision of the orphans' court. *Trout v. Lukey*, 402 Pa. 123, 127, 166 A.2d 654, 656 (1961); *Petition of Sch. Bd. of Sch. Dist. of Borough of McKees Rocks*, 360 Pa. 285, 288, 62 A.2d 20, 22 (1948). "An executor ... is an officer of the orphans' court and accountable to such court for all his actions of commission and omission in the performance of his fiduciary duties." *In re Estate of Thompson*, 426 Pa. 270, 276, 232 A.2d 625, 628 (1967).

¶ 12 By statute, one aspect of the fiduciary duty of the executor is to "take possession of, maintain and administer all the real and personal estate of the decedent ...." 20 Pa.C.S.A. § 3311. In other words, the executor bears the responsibility to "preserve and protect the property for distribution to the proper persons within a reasonable time." *In re Estate of Campbell*, 692 A.2d 1098, 1101 (Pa.Super.1997). In the performance of his fiduciary duties, the executor must exercise the "judgment, skill, care and diligence that a reasonable or prudent person would ordinarily exercise in the management of his or her own affairs." *Id.* at 1101–02.

¶ 13 When the executor of an estate fails to fulfill his fiduciary duty of care, the court may impose a surcharge against him. *In re Estate of Lux*, 480 Pa. 256, 264, 389 A.2d 1053, 1057 (1978) (citing *Estate of Stephenson*, 469 Pa. 128, 138, 364 A.2d 1301, 1306 (1976)). A surcharge is a penalty imposed to compensate the beneficiaries for loss of estate assets due to the fiduciary's failure to meet his duty of care; however, a surcharge cannot be imposed merely for an error in judgment. *Id.; In re Estate of Ellis*, 460 Pa. 281, 289, 333 A.2d 728, 732 (1975). Our Supreme Court has held that a standard of negligence is applied when evaluating whether an executor's management of an estate warrants a surcharge. *Estate of Stephenson*, 469 Pa. 128, 139, 364 A.2d 1301, 1306 (1976); *In re*

---

N.T. 4/12/04 at 24–25, 45–46. There is no indication in the record as to whether or how the conditions for his withdrawal were met.

3. By statute, jurisdiction of the orphan's court is conferred over, *inter alia*, the following:
   (1) Decedents' estates. The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial.
   ...
   (12) Fiduciaries. The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, jurisdiction of which is exercised through the orphans' court division ...."

20 Pa.C.S.A. § 711(1) & (12).
The statutory definition of fiduciary is the following:
   Fiduciary. Includes personal representatives, guardians, and trustees, whether domiciliary or ancillary, individual or corporate, subject to the jurisdiction of the orphans' court division.
20 Pa.C.S.A. § 102.

*Bender's Estate,* 278 Pa. 199, 204, 122 A. 283, 284 (1923).

¶ 14 Before the court can impose a surcharge, it must give the executor an opportunity to be heard. *In re Stitzel's Estate,* 221 Pa. 227, 230, 70 A. 749, 750 (1908). Ordinarily, the party seeking to surcharge an executor bears the burden of showing a failure to meet the required standard of care. *Ellis, supra* at 285, 333 A.2d at 730; *In re Estate of Geniviva,* 450 Pa.Super. 54, 675 A.2d 306, 311, *appeal denied,* 546 Pa. 666, 685 A.2d 545 (1996). However, the burden shifts to the executor to present exculpatory evidence when "a patent error has occurred" or when "a significant discrepancy appears on the face of the record." *Ellis, supra* at 285, 333 A.2d at 730; *Campbell, supra* at 1105; *Geniviva, supra* at 311.

¶ 15 Finally, the jurisdiction of orphans' court over a decedent's estate and its executor does not necessarily end with issuance of the court's decree and schedule of distribution. By express statutory provision, the court may review any final confirmation of any account of a personal representative, if a party in interest files a petition specifically alleging errors therein within five years. 20 Pa.C.S.A. § 3521. Upon review, the court is directed to "give such relief as equity and justice shall require . . . ." *Id.* In *Bender's Estate,* our Supreme Court upheld an orphans' court order to restate an executor's account, based on the findings of a proceeding held to consider a petition to compel distribution. 278 Pa. at 203, 122 A. at 284. The Court noted that the "orphans' court had inherent power to review the account . . . where justice and equity require it." *Id.* In another case in which questions arose after the orphans' court had finally confirmed the account of an executor, our Supreme Court stated that the orphans' court "has full power to inquire into and determine all questions which may prevent or delay the conversion and distribution of the property of the decedent . . . ." *Stephenson, supra* at 136, 364 A.2d at 1305.

¶ 16 In the present case, all parties agree that after executor Zavarella had taken possession of the Westin estate's financial assets and placed them in an account maintained by his law firm, over $370,000 of those assets were lost through embezzlement. This surely represents a failure to maintain and administer the estate's property. Exactly when the embezzlement took place is not clear from the record, but it appears to have occurred over some time period, before and/or slightly after the orphans' court issued its decree and schedule of distribution.[4] The executor never distributed the estate's assets in accordance with the court's decree, and those assets are now vastly depleted. These facts present a legitimate and reasonable question as to whether Zavarella as executor breached his fiduciary duty in conjunction with the loss of nearly all the estate's assets.

¶ 17 Although the orphans' court questioned its jurisdiction over this matter, we find that statutory and case law provides ample support for continuing jurisdiction of the orphans' court. *See* 20 Pa.C.S.A. § 3521; *Stephenson, supra; Bender, supra.* Appellants filed their petition only months after the court's decree and schedule of distribution. Since it is not clear from the record when the embezzlement occurred, it is also not clear that the estate's financial assets were available for distribution at the time that the court is-

---

4. At this juncture, we need not inquire further into the exact timing of the loss of assets through embezzlement. However, we acknowledge that such information may be important in establishing liability for the loss.

sued its decree and schedule of distribution. Legitimate questions exist as to whether the court's schedule of distribution was based on accurate information and whether a breach of fiduciary duty contributed to loss of the estate's funds. This is a situation in which justice and equity require that the orphans' court exert continuing jurisdiction over the estate and its executor.

¶ 18 In denying appellants' petition for surcharge, the orphans' court further held that "all collateral claims relating to professional liability" should be pursued in the civil division. Court Order, 4/14/04. But this resolution conflates the claims of breach of an executor's fiduciary duty and legal malpractice. These are distinct claims and should be treated as such by the court.[5] Appellants' petition to surcharge the executor for breach of fiduciary duty is *not* a collateral claim, as the orphans' court seeks to characterize it, but rather it is integral to the proper administration and distribution of decedent's estate. The orphans' court not only has jurisdiction to address such a question of breach of an executor's fiduciary duty, it is uniquely qualified "by custom and experience" to do so. *Horner v. First Pennsylvania Banking and Trust Co.*, 412 Pa. 72, 76, 194 A.2d 335, 338 (1963). The orphans' court routinely handles such matters and thus is in the best position to determine whether a particular executor's conduct satisfied the required duty of care.

¶ 19 We therefore direct the orphans' court to hold proceedings on appellants' petition for surcharge against Zavarella. Because "a patent error" has occurred with regard to the assets of the Westin estate, the burden lies with Zavarella, the executor, to present exculpatory evidence

of prudent management of the estate funds. *See Ellis, supra* at 285, 333 A.2d at 730; *Campbell, supra* at 1105.

¶ 20 Appellants also seek to surcharge Bruce E. Dice and Bruce E. Dice & Associates, P.C. Dice was legal counsel for the Westin estate and managing partner of Dice & Associates, the law firm at which Zavarella was employed. The first and final account of the estate was filed on behalf of Zavarella, with Dice and Dice & Associates named as counsel of record.

¶ 21 Although Dice acknowledges that the Westin estate's financial assets were lost from his law firm, he argues that orphans' court does not have subject matter jurisdiction over the claims against him and his law firm. He bases his argument on the absence of any provision in the Probate, Estates and Fiduciaries Code that explicitly confers orphans' court jurisdiction over attorneys or law firms. Dice also notes that, since he acted only as legal counsel to the estate, he had no attorney-client relationship with the appellant-creditors, nor did he owe them any fiduciary duty. But Dice focuses on the wrong relationship. At issue is his relationship to the estate, not to appellants.

¶ 22 It is well-established that Pennsylvania courts may impose surcharges against counsel for an estate or counsel for an executor when there is a breach of the standard of care. *See In re Estate of Lohm,* 440 Pa. 268, 273–74, 269 A.2d 451, 454 (1970); *In re Estate of Albright,* 376 Pa.Super. 201, 545 A.2d 896, 899, 904 (1988). In *Albright,* this Court stated that where such counsel "fails to exercise the required degree of skill, knowledge and diligence, and such negligence results in loss or waste to the estate,

---

5. We do not address the issue of any potential legal malpractice claim, as that question is not before us.

the court may impose a surcharge by way of awarding reduced compensation or no compensation at all." *Albright, supra* at 904 (citing *Lohm, supra*). Our Supreme Court's language in *Lohm* clearly implies that the standard of care for counsel to an estate is at least equivalent to that of the executor. The *Lohm* court compared the standard of care expected of the executor and of counsel to the estate, and determined that, because counsel had long experience with the tax problems at issue, he would be held to an even higher standard of care than the executor. *Lohm, supra* at 273, 269 A.2d at 454.

¶ 23 In *Albright, supra,* this Court upheld a surcharge against counsel to the administrator of an estate and against the law firm in which he was a partner, based on numerous findings of negligence. 545 A.2d at 899, 903–04. The trial court found that the law firm breached its fiduciary duty to the estate by commingling estate funds with general firm revenues, by giving itself a payment priority over other creditors, by charging improper expenses, by negligent administration of the estate, and by taking on other obligations that impaired its judgment with regard to the estate. *Id.* at 903. This Court agreed, upholding a surcharge against counsel and his law firm for principal that was improperly removed from the estate for legal fees; for interest; and for the opposing party's attorney's fees. *Id.* at 900, 903–05.

¶ 24 In *Lohm,* our Supreme Court surcharged counsel to the estate for negligence in filing tax returns that led to a loss of estate assets. *Lohm, supra* at 271, 278–79, 269 A.2d at 453, 456–57. The Court held that counsel was entitled to *no* fee, as

the financial loss to the estate was equivalent to what would have been a normal and reasonable legal fee if estate matters had been handled properly. *Id.* at 278–79. & n. 7, 269 A.2d at 456–57 & n. 7.

¶ 25 We recognize that in *Lohm* and in *Albright,* the surcharge imposed was limited to counsel fees, plus interest, and to the opposing party's counsel fees. In these two cases, counsel fees were the extent of counsel's liability, as determined by the trial court. However, in *Lohm,* our Supreme Court noted that if the tax loss to the estate, when finally determined in federal court, should prove to be greater than the orphans' court estimated, a separate claim might be brought to obtain a personal judgment against the responsible party. *Lohm, supra* at 279, 269 A.2d at 457.

¶ 26 In the present case, the orphans' court improperly dismissed appellants' petition for surcharge against appellees Dice and Dice & Associates without proceedings to determine whether appellees met the standard of care owed to the Westin estate. The orphans' court, through experience and custom, is in the best position to determine whether Dice and Dice & Associates were negligent in their handling of the estate's financial assets. If they are found negligent, the orphans' court must determine the appropriate amount of surcharge to be imposed against them. We recognize that the total loss to the Westin estate greatly exceeds the normal or expected counsel fees.[6] However, we see no reason why that quantitative comparison should alter the underlying principle propounded in *Lohm* and *Albright:* when counsel to an estate or to an estate's exec-

---

6. The first and final account for the Westin estate claimed $63,162 in unpaid executor and attorney fees, and showed $3,854 in costs already advanced to Dice & Associates from the estate assets. The court's decree and schedule of distribution indicated that

$63,162 had been disbursed from the estate to Dice & Associates and that $2,178 was still owed. Over $370,000 of Westin estate financial assets were embezzled from Dice & Associates.

utor negligently causes loss of financial assets to the estate, the court can impose a surcharge against counsel for that loss. We point out that Dice or Dice & Associates were in possession of the assets of the estate. The loss occurred during the time they were responsible for the safe-keeping of the assets.

¶ 27 Finally, appellants seek to surcharge Frank W. Jones, Esq. Jones was retained by Dice to assist with some aspect of the accounting related to the Westin estate. He rented office space from Dice & Associates, but was not affiliated with them. Jones claims that he was never counsel to the estate, nor to the executor; never made an appearance on behalf of the estate; and never received compensation for his work. The orphans' court dismissed appellants' petition to surcharge Jones based on its determination that he was not a party litigant.

¶ 28 Although appellants name Jones in their appeal, they present not one word of argument as to why the orphans' court order with regard to Jones was in error. Therefore, appellants have waived their claim to any relief against Jones.

¶ 29 In summary, we direct the orphans' court to issue an order dismissing Paul D. Zacarella as executor of the Westin estate and to appoint a new executor. We vacate the orphans' court order denying appellants' petition for surcharge against Paul D. Zavarella, Bruce E. Dice, and Dice & Associates, P.C. for the embezzled funds; and we direct the court to hold proceedings on appellants' petition for surcharge against Zavarella, Dice, and Dice & Associates. We affirm the orphans' court order with regard to Frank W. Jones.

¶ 30 Order vacated in part and affirmed in part. Orphans' Court is directed to conduct proceedings that are consistent with this opinion. Jurisdiction relinquished.