J-S37035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF RICHARD A. DeVOE, Deceased, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| JAMES B. MOONEY | : | No. 1551 MDA 2016 |

Appeal from the Order entered August 23, 2016
in the Court of Common Pleas of Dauphin County,
Orphans' Court Division, No(s):  2210-0053

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2017**

The Estate of Richard A. DeVoe ("Estate") appeals from the Order sustaining Objections to the Second and Final Account of the Estate, and imposing surcharges on the Co-Administrators of the Estate, Keith DeVoe and M. Corrine Mahla (collectively, "Co-Administrators").  We affirm.

Richard A. DeVoe ("Decedent") died intestate on October 25, 2009. Decedent was survived by his mother, Mary Rizzo DeVoe ("Mrs. DeVoe") and his father, Richard DeVoe ("Mr. DeVoe").  At the time of his death, Decedent jointly owned a residence ("the Residence") with his domestic partner, James B. Mooney ("Mooney").  The Residence was encumbered by a mortgage, which had been used to purchase, in Decedent's name alone, a commercial property ("Commercial Property").  Upon Decedent's death, Co-Administrators refused to make any mortgage payments on the Residence. Subsequently, Mooney sold the Residence to pay off the mortgage.  Co-

Administrators sold the Commercial Property on October 14, 2010, for $95,000.00.

The trial court described what next transpired as follows:

> On February 18, 2010, [Mooney] filed a Notice of Claim for $138,364.11, representing the original amount due on the mortgage loan for the Commercial Property. On June 10, 2011, Co-Administrators … filed a Petition for Adjudication/Statement of Proposed Distribution, which included a revised Accounting. [Mooney] filed Objections and a Petition for Surcharge on July 12, 2011. After a hearing, [the Orphans' Court] issued an Order denying [Mooney's] Objections and Petition for Surcharge on July 11, 2012. This Order was appealed, and the Superior Court overruled [the Orphans' Court's] decision, by [an] Opinion dated August 8, 2013, ruling that [Mooney] was entitled to equitable subordination from the Estate.[1] The case was remanded to [the Orphans' Court] to address the remaining objections and request for surcharge.
>
> On remand, [the Orphans' Court] issued an Order on June 19, 2014, sustaining [Mooney's] [O]bjection regarding his satisfaction of the mortgage debt[,] and ordering the Estate to accept [Mooney's] claim of $132,400.00 against the Estate. [The Orphans' Court] also sustained [Mooney's] [O]bjection regarding the failure of [Co-Administrators] to promptly liquidate the assets of the [E]state[,] and surcharged [Co-Administrators] $23,000.00 for [their] failure to sell Decedent's interest in Monard Testing, LLC, at or around the appraisal price. [The Orphans' Court] also granted [Mooney] leave to pursue a claim against the surety bond posted by [Co-Administrators] in the event the Estate's assets are not sufficient to pay [Mooney] in full for his claim. [The Orphans' Court] overruled [Mooney's] remaining objections and requests for surcharge.
>
> On July 11, 2014, [Mooney] filed exceptions to the June 2014 Order. On July 21, 2014, [Co-Administrators] filed cross-exceptions. [All exceptions were denied by operation of law.]

Orphans' Court Opinion, 11/17/16, at 1-2 (footnote added).

---

[1] **See In re: Estate of DeVoe**, 74 A.3d 264 (Pa. Super. 2013).

On May 1, 2015, Mooney filed a Petition to Compel Accounting. Following the issuance of a Rule to Show Cause, the Co-Administrators filed a Second and Final Accounting. Mooney filed Objections to the Second and Final Accounting, after which the Orphans' Court conducted a hearing on the Objection. On August 23, 2016, the Orphans' Court sustained, in part, Mooney's Objections, and imposed surcharges on Co-Administrators. Thereafter, upon the Petition of Co-Administrators, this Court granted allowance of appeal of the Orphans' Court's Order. The Co-Administrators timely filed a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on appeal, after which the Orphans' Court filed its Opinion.

Co-Administrators present the following claims for our review:

A. Whether [Co-Administrators] should be surcharged $14,120.00 for fees paid by the [E]state for storage of Decedent's personalty; $5,000 for fees paid by the [E]state for storage of Decedent's vehicle; and $3,600.00 for fees paid by the [E]state for organizing and re-packing the personalty[?]

B. Whether [Co-Administrators] should be surcharged $15,000.00 for legal fees paid to Attorney Neil A. Grover [("Attorney Grover")] in May[] 2012, and $5,000.00 for legal fees paid to Attorney Shaun E. O'Toole [("Attorney O'Toole")]in January[] 2015[?]

C. Whether [Co-Administrators] should be surcharged to the extent that the amounts [that Co-Administrators] receive when they liquidate the personal property and automobile is less than the appraised values of $11,105.00 for the personalty and $5,000.00 for the vehicle[?]

D. Whether the $22,692.00 of legal fees that the Second and Final Accounting showed as due and owing are excessive and improper and should not be paid by the Estate[?]

Brief for Appellants at 5.

Initially, we observe our scope and standard of review:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination. When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law.

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (citations and quotation marks omitted).

Co-Administrators first claim that the Orphans' Court improperly imposed a surcharge upon them for expenses incurred as a result of the storage of Decedent's personal property, the fees paid by the Estate for organizing and packing Decedent's personal property, and for storage of Decedent's vehicle. Brief for Appellants at 27. Co-Administrators present several arguments in this regard.

First, Co-Administrators argue that Mrs. DeVoe was Decedent's sole heir. *Id.* According to Co-Administrators, Mrs. DeVoe indicated that she preferred to have Decedent's personal property distributed to her "in kind."

*Id.* Co-Administrators contend that, "[w]hen the [Orphans' Court] denied Mooney's Objections to the First and Partial Accounting, … it appeared at that time that the sale of the personal property was not necessary to pay debts and expenses" of the Estate. *Id.* at 28. Co-Administrators argue that Mooney had not established the four criteria for equitable subrogation, and accordingly, his claim should have failed both before the Orphans' Court and during the first appeal. *Id.*

Co-Administrators claim that their actions were reasonable, in light of the fact that Mrs. DeVoe ultimately was to receive Decedent's personal property. *See* Brief for Appellants' at 27. Co-Administrators assert that Mrs. DeVoe "understood that the storage fees were coming out of what would have been her share of the [E]state, and that was acceptable to her." *Id.* at 28. In addition, Co-Administrators posit that Mooney's claim for subrogation was ultimately determined on November 18, 2014, and, therefore, "that [day] would have been the first day that [Co-]Administrators became obligated to sell the personal property." *Id.* at 29.

As this Court has explained,

> [b]y statute, one aspect of the fiduciary duty of the executor is to "take possession of, maintain and administer all the real and personal estate of the decedent …." 20 Pa.C.S.A. § 3311. In other words, the executor bears the responsibility to "preserve and protect the property for distribution to the proper persons within a reasonable time." *In re Estate of Campbell*, 692 A.2d 1098, 1101 (Pa. Super. 1997). In the performance of his fiduciary duties, the executor must exercise the "judgment, skill, care and diligence that a reasonable or prudent person

would ordinarily exercise in the management of his or her own affairs." *Id.* at 1101-02.

> When the executor of an estate fails to fulfill his fiduciary duty of care, the court may impose a surcharge against him. *In re Estate of Lux*, 480 Pa. 256, 264, 389 A.2d 1053, 1057 (1978) (citing *Estate of Stephenson*, 469 Pa. 128, 138, 364 A.2d 1301, 1306 (1976)). A surcharge is a penalty imposed to compensate the beneficiaries for loss of estate assets due to the fiduciary's failure to meet his duty of care; however, a surcharge cannot be imposed merely for an error in judgment. *Id.; In re Estate of Ellis*, 460 Pa. 281, 289, 333 A.2d 728, 732 (1975). Our Supreme Court has held that a standard of negligence is applied when evaluating whether an executor's management of an estate warrants a surcharge. *Estate of Stephenson*, 469 Pa. [at] 139, 364 A.2d [at] 1306 []; *In re Bender's Estate*, 278 Pa. 199, 204, 122 A. 283, 284 (1923).

*In re Estate of Westin*, 874 A.2d 139, 144-45 (Pa. Super. 2005).

In its Opinion, the Orphans' Court addressed Co-Administrators' claim, and concluded that it lacks merit. *See* Orphans' Court Opinion, 11/17/16, at 4-5. We agree with the sound reasoning of the Orphans' Court, and affirm on this basis with regard to Co-Administrators' first claim, *see id.*, albeit with the following addendum.

In determining whether Co-Administrators acted reasonably as fiduciaries, the Orphans' Court applied a broader perspective, addressing Co-Administrators' duty to *the Estate* and the value of its assets. *See* Orphans' Court Opinion, 11/17/16, at 4-5. We discern no abuse of discretion or error

in this regard.[2]

In their first claim, Co-Administrators also contend that Mooney's request for a surcharge should have been rejected, because he came into court with "unclean hands." Brief for Appellant at 29. Co-Administrators assert that upon Decedent's death, Mooney denied them entry to the Residence, which contained Decedent's personal property. *Id.* at 30. Because of this, Co-Administrators assert, they were unable to take an inventory or appraise the personalty. *Id.* at 30. Co-Administrators claim that Mooney is therefore responsible for the storage fees incurred during the administration of the Estate. *Id.* at 32.

Our review of the record discloses that this claim is specious, at best. There is no evidence that Co-Administrators incurred additional storage fees and costs, based upon any delay in entering the Residence. The record does not reflect that Co-Administrators were required to incur additional legal expenses to secure entry to the Residence. As such, we discern no error or abuse of discretion by the Orphans' Court in determining that Co-Administrators failed to fulfill their fiduciary duty regarding the disposition of the Decedent's personal property.

---

[2] Co-Administrators also argue that Mooney previously had failed to establish the four factors necessary for a claim of subrogation. Brief for Appellants at 28. However, that argument is presented only in the context of Co-Administrators' claim that the issue of subrogation was not finally determined until November 18, 2014, and that their duty to sell the personal property of Decedent did not arise until that time. *Id.* at 29. As set forth above, we conclude that this issue lacks merit.

Co-Administrators additionally assert that they did not act in bad faith, and therefore, the imposition of a surcharge was not appropriate. **Id.** at 33. Co-Administrators take issue with the Orphans' Court's application of a "mere negligence" standard of care for imposing a surcharge. **Id.** at 34. According to Co-Administrators, the standard for imposing a surcharge is a lack of due care and willful bad faith—not mere negligence. **Id.**

Our review discloses that the Orphans' Court set forth and applied the appropriate legal standard in addressing this claim, and we discern no error in this regard. **See** Orphans' Court Opinion, 11/17/16, at 4-5; **see also In re Estate of Westin**, 874 A.2d at 144-45 (recognizing that "[o]ur Supreme Court has held that a standard of negligence is applied when evaluating whether an executor's management of an estate warrants a surcharge.") (citing **Estate of Stephenson**, 364 A.2d at 1306, and **In re Bender's Estate**, 122 A. at 284).

In their second claim of error, Co-Administrators argue that the trial court erred in surcharging Co-Administrators for legal fees paid to Attorney Grover and Attorney O'Toole by the Estate. Brief for Appellants at 35. Co-Administrators state that they retained the services of Attorney Grover for litigation regarding Objections to the First and Partial Accounting, and paid him a "Reserve" expense of $15,000. **Id.** at 36. According to Co-Administrators, Attorney Grover successfully defended the Objections before the Orphans' Court. **Id.** Co-Administrators contend that, although Mooney's

Objections to the First and Partial Accounting challenged Attorney Grover's $15,000 fee, that objection was overruled, and Mooney did not appeal. *Id.* at 37. Therefore, Co-Administrators argue, Mooney could not again challenge that fee. *Id.*

In its Opinion, the Orphans' Court addressed this claim and concluded that it lacks merit. *See* Orphans' Court Opinion, 11/17/16, at 5-7. We agree with the reasoning of the Orphans' Court, as set forth in its Opinion, and affirm on this basis with regard to Co-Administrators' second claim. *See id.*

In their third claim, Co-Administrators argue that the Orphans' Court improperly surcharged them the difference between the appraised value of the Estate's personal property and automobile, and the price realized upon the liquidation of those assets. Brief for Appellants at 45. Co-Administrators dispute the Orphans' Court's use of an appraisal conducted by Mooney, claiming that they were unable to access the property to conduct their own appraisal. *Id.* Co-Administrators further argue that, the Orphans Court "clearly does not know if such a shortfall in the sale price will be a result of [Co-Administrators] acting in bad faith in the manner in which they conducted the sale of assets." *Id.*

Once again, we note that a standard of negligence, rather than bad faith, is applied when evaluating whether an executor's management of an

estate warrants a surcharge. *See Estate of Stephenson*, 364 A.2d at 1306.

The record reflects that Co-Administrators had possession of the personalty since October 2010. Notwithstanding, Co-Administrators failed to seek their own appraisal of the personalty. Because the record supports the Orphans' Court's findings and valuation, we cannot grant Co-Administrators relief on this claim. *See In re Estate of Mumma*, 125 A.3d 1205, 1216 (Pa. Super. 2015) (stating that the Orphans' Court, as fact-finder, is not bound by the testimony of a particular expert witness and is under no obligation to accept the expert's conclusions).

Finally, Co-Administrators claim that the Orphans' Court erred in ruling that the $22,692.00 of legal fees, set forth in the Second and Final Accounting, were excessive, and should not be paid by the Estate. Brief for Appellants at 47. According to Co-Administrators, these fees were incurred by the Estate, "almost exclusively, for services associated with the post-remand litigation and general estate administration, including the filing of the Second and Final Accounting and the litigation associated with it." *Id.* at 48. Co-Administrators argue that the fees were not incurred as a result of frivolous litigation. *Id.* Co-Administrators assert that the legal fees were necessary to fulfilling their fiduciary duties. *Id.* at 49.

In its Opinion, the Orphans' Court addressed this claim and concluded that it lacks merit. *See* Orphans' Court Opinion, 11/17/16, at 5-7. We

agree with the sound reasoning of the Orphans' Court, as set forth in its Opinion, and affirm on this basis with regard to Co-Administrators' fourth claim. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017

IN RE: ESTATE OF               : IN THE COURT OF COMMON PLEAS,
RICHARD A. DEVOE,            : DAUPHIN COUNTY, PENNSYLVANIA
              Deceased.        :
                                 : ORPHANS' COURT DIVISION
                                 :
                                 :
                                 : NO. 2210-0053

## Pa.R.A.P. 1925(a) OPINION

Presently pending before this Court is an appeal of an Order dated August 23, 2016, wherein we sustained certain objections to the Second and Final Account of the above-captioned estate and imposed surcharges on the Co-Administrators.

The background of this case is as follows: Richard A. DeVoe died on October 25, 2009. At the time of Decedent's death, the residence jointly owned by Petitioner, James B. Mooney (hereinafter "Appellee") and Decedent was encumbered by a mortgage in the amount of $132,000 as collateral for a note financing a commercial property that had been acquired solely by Decedent. The Commercial Property was held by the Decedent's Estate, but the Co-Administrators of the Estate failed and refused to make any payments on the mortgage debt due and owing as a result of Decedent's purchase of the Commercial Property. As a result, Appellee sold the residence and used the proceeds to pay off the mortgage that had been placed on the Residence.

On February 18, 2010, Appellee filed a Notice of Claim for $138,364.11, representing the original amount due on the mortgage loan for the Commercial Property. On June 10, 2011, Co-Executors Keith M. DeVoe and M. Corrine Mahla (hereinafter "Appellants") filed a Petition for Adjudication/Statement of Proposed Distribution, which included a revised Accounting. Appellee filed Objections and a Petition for Surcharge on

July 12, 2011. After a hearing, this Court issued an Order denying Appellee's Objections and Petition for Surcharge on June 11, 2012. This Order was appealed, and the Superior Court overruled this Court's decision, by Opinion dated August 8, 2013, ruling that Appellee was entitled to equitable subordination from the Estate. The case was remanded to this Court to address the remaining objections and request for surcharge.

On remand, this Court issued an Order on June 19, 2014, sustaining Appellee's objection regarding his satisfaction of the mortgage debt and ordering the Estate to accept Appellee's claim of $132,400.00 against the Estate. We also sustained Appellee's objection regarding the failure of Appellants to promptly liquidate the assets of the estate and surcharged the Appellants $23,000.00 for failure to sell Decedent's interest in Monard Testing, LLC at or around the appraisal price. We also granted Appellee leave to pursue a claim against the surety bond posted by Appellants in the event the Estate's assets are not sufficient to pay Appellee in full for his claim. We overruled Appellee's remaining objections and requests for surcharge.

On July 11, 2014, Appellee filed exceptions to the June 2014 Order. On July 21, 2014, the Appellants filed cross-exceptions. The exceptions were deemed denied because the Court did not act on the exceptions within 120 days of the date they were filed. Neither party appealed the denial of the exceptions. Thus, the June 2014 order represents the final adjudication of the objections to the First Account and surcharges sought against the Appellants.

2

On May 1, 2015, Appellee filed a Petition to compel the Appellants to file a full and final account. On June 26, 2015, the Appellants filed an answer, indicating that they would file an account within thirty days. Thereafter, on September 25, 2015, the Appellants filed the Final Account. Appellee filed Objections to the Final Account, as well as a Petition for Surcharge and Claim against Surety Bond, and Appellants filed an Answer to these Objections. We held a Hearing on June 16, 2016 regarding all pending Petitions and Objections.

Following the hearing, we entered an Order on August 23, 2016 wherein we sustained certain of Appellee's objections, denied some as moot, imposed additional surcharges, and directed the Appellants to file an amended final accounting with a schedule of distribution that reflects all remaining assets to be paid to Appellee. We also allowed Appellee to recover against the surety bond if his claim and all surcharges were not sufficiently paid by the assets remaining in the estate. Appellants filed an appeal of this Order.

In their 1925(b) statement, the Co-Administrators identified the Errors Complained of on Appeal as follows: 1. The Trial Court erred in surcharging Appellants $14,120.00 for fees paid by the Estate for storage of the personalty; $5,000.00 for fees paid by the Estate for storage of the vehicle; and $3,600.00 for fees paid by the Estate for organizing and re-packing the personalty; 2. The Trial Court erred in surcharging Appellants $15,000.00 for legal fees paid to Attorney Neil A. Grover in May, 2012, and $5,000.00 for legal fees paid to Attorney Shaun E. O'Toole in January, 2015; 3. The Trial Court erred in surcharging Appellants to the extent that the amounts the Appellants

3

receive when they liquidate the personal property and automobile is less than the appraised values of $11,105.00 for the personalty and $5,000.00 for the vehicle; and 4. The Trial Court erred in ruling that the $22,692.00 of legal fees that the Final Account showed as due and owing are excessive and improper and should not be paid by the Estate.[1]

Appellants contend that this Court erred in surcharging them for the storage and loss in value of the personalty and the vehicle. In the First and Partial Account that was filed by the Appellants in June of 2011, the Account reflected $2,413.00 in storage fees for storing the personalty for seven months, and a charge of $800.00 for packing and organizing the personalty. This Court approved those fees by Order dated June 19, 2014, when we overruled Appellee's Objection to same. However, since the First Accounting, the Appellants incurred an additional $14,120.00 to store the personalty, $3,600.00 in fees for organizing and repacking the personalty, and $5,000.00 to store the Decedent's vehicle.

As administrators of the estate, Appellants' duty was to take custody of the Estate and "to preserve and protect the property for distribution to the proper persons within a reasonable time." Matter of Estate of Campbell, 692 A.2d 1098, 1101 (Pa. Super. Ct. 1997) (citations omitted) (emphasis added). In administering the Estate they are considered to be fiduciaries and are to be held to the highest degree of good faith. Id. (citations omitted). Moreover, Appellants are required to exercise the "same degree of judgment, skill, care, and diligence that a reasonable or prudent person would ordinarily

---

[1] As stated in this Concise Statement of Errors, Appellants are only appealing Paragraphs 3, 4, and 7 of this Court's August 23, 2016 Order. As such, any appeal of the remaining paragraphs is waived.

4

exercise in the management of his or her own affairs." Id. at 1101-02 (citations omitted). If an administrator negligently causes loss to an Estate, the administrator may properly be surcharged for the amount of such loss. Id. at 1102.

In the instant matter, Appellee's expert witness testified credibly about the duties of Appellants in administering the Estate, and further testified credibly that Appellants failure to dissolve the personalty and vehicle within a reasonable time constituted a breach of their fiduciary duty, especially in light of the fact that the storage and packing fees exceeded the value of the personalty and the vehicle. Based on the evidence presented at the Hearing, we determined that it was unreasonable for the Estate to expend such large sums of money for storage and repacking of the personalty and vehicle and to fail to liquidate such assets in the seven years since Decedent's death. We determined that seven months is a reasonable time for storing the personalty, but seven years is an unreasonable time period to pay for storage, and the Appellants may properly be surcharged for the failure to distribute the personalty and vehicle within a reasonable time period.

Additionally, due to Appellants' unreasonable failure to liquidate the assets within a reasonable time period, the assets lost value. Since the loss in value is directly related to Appellants' breach of their fiduciary duty to liquidate Decedent's personal property within a reasonable time, it is proper to surcharge them for their failures.

Appellants also contend that this Court erred in surcharging them for certain improper legal fees as well as denying a claim for additional legal fees. Upon

5

reviewing the First and Partial Account, this Court approved $25,066.00 in attorneys' fees, stating that these fees were reasonable given the complexity of this matter and the litigation of the various claims. However, in the Second and Final Account, Appellants sought an additional $42,962.00 in attorneys' fees, which were incurred from June 2011 to August 2015.

In determining whether an attorneys' fees are reasonable, the Court is to consider the following: 1) the amount of work performed; 2) the character of the services rendered; 3) the difficulty of the problems involved; 4) the importance of the litigation; the amount of money or value of the property in question; 5) the degree of responsibility incurred; 6) whether the fund involved was 'created' by the attorney; 7) the professional skill and standing of the attorney in his profession; 8) the results he was able to obtain; 9) the ability of the client to pay a reasonable fee for the services rendered; 10) the amount of money or the value of the property in question. In re LaRocca's Trust Estate, 431 Pa. 542, 546, 246 A.2d 337, 339 (1968)

In the instant matter, Appellee's expert witness testified credibly that the additional attorneys' fees should have never been incurred. The Appellants disavowed a legitimate debt of the Estate at the outset, forcing Appellee to pay the debt from his own pocket and file a claim against the Estate. As a result, we determined that the Estate never should have litigated the instant matter to the extent that it did, and a continuation of said litigation resulted in an extreme detriment to the Estate that constitutes a breach of fiduciary duty by the Appellants. Thus, the attorneys' fees that were incurred in litigating

a problem that was of Appellants' own making were unreasonably incurred and should not have been borne by the Estate.

Furthermore, many of the claimed attorneys' fees were not sufficiently documented. Appellants did not provide any invoices from Attorney Beckley showing what work he performed or what rates he charged. As to Attorney Grover, Appellants only provided a summary statement that purported to cover a four year period, during which time 117 hours of time was recorded and fees of $19,400.00 were billed. This Court was thus unable to determine whether the actions performed by Attorneys Beckley or Grover were reasonable or necessary to the administration of the Estate.

Since Appellants incurred unreasonable attorneys' fees in litigating a problem that they created, it is proper to surcharge Appellants for any legal expenses that have been paid by the Estate since the First and Partial Account was filed. Furthermore, since Appellants failed to provide documentary justification for the remaining fees, it is proper to deny those fees as being unreasonably incurred.

For the foregoing reasons, we respectfully request that our August 23, 2016 Order be affirmed.

BY THE COURT:

Dated: 11/17/16

RICHARD A. LEWIS
PRESIDENT JUDGE
On behalf of retired Judge
Bruce F. Bratton

7