632 A.2d 942

**In re ESTATE OF Lakshmi GADIPARTHI, Deceased.**

**Appeal of DEPARTMENT OF REVENUE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided Sept. 24, 1993.

Robert S. Englesberg, Deputy Atty. Gen., for appellant. Samuel D. Clapper, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

The Department of Revenue (Department) appeals from an order of the Court of Common Pleas of Somerset County, Orphans' Court Division (common pleas court), that sustained the Estate of Lakshmi Gadiparthi's (Estate) appeal and determined that four parcels of real estate were not to be included and appraised as assets of the estate. We affirm in part and vacate in part.

Lakshmi Gadiparthi (Decedent) died intestate on January 3, 1989, as the result of injuries sustained in a car accident. She is survived by her husband, Dr. Atchaiah Gadiparthi (Dr. Gadiparthi), and two minor children, fourteen and fifteen years of age as of October 15, 1992, the date of the common pleas court hearing. Dr. Gadiparthi was appointed administrator of the Estate on February 6, 1989.

On October 3, 1989, Dr. Gadiparthi, in his capacity as administrator, filed an inheritance tax return for the Estate. The return lists no real estate holdings subject to Pennsylvania inheritance tax; however, a real estate schedule was attached, reflecting that Decedent held record title to four parcels of real estate. Dr. Gadiparthi alleges that Decedent

held these parcels as his agent.[1] On the schedule are allegations that Dr. Gadiparthi furnished the entire consideration for the properties, that he holds equitable title and that no gift was intended. Three of the properties listed (Properties 1–A, 1–B and 1–C), with an aggregate value of $249,750, are titled in Decedent's name, and the fourth (Property 2), with a value of $76,810, is titled in Decedent's name as trustee for the minor children. On April 30, 1990, the Department issued a Notice of Inheritance Tax Appraisement for Decedent's estate, listing the value of real estate as $326,560 and assessing tax at $19,560.18. Dr. Gadiparthi appealed, claiming that the real estate is not subject to inheritance tax.

A hearing was held before the common pleas court on October 15, 1992. Dr. Gadiparthi testified that he paid the purchase price and all expenses for the properties and that he did not intend to make a gift to Decedent when they were titled in her name. Notes of Testimony, October 15, 1992 (N.T.) at 25; R.R. at 39a. Dr. Gadiparthi stated that the properties were titled in Decedent's name to insulate them from creditors in the event of a malpractice suit. N.T. at 21, 24; R.R. at 35a, 38a. Dean A. Bowman (Bowman), Dr. Gadiparthi's attorney during the purchase of Property 1–A, testified that Dr. Gadiparthi instructed him that title was to be conferred to Decedent alone. N.T. at 44; R.R. at 58a. Bowman stated that Dr. Gadiparthi wrote all the checks and did all the negotiations for the property. N.T. at 46; R.R. at 60a. Malladi R. Shastry (Shastry), Dr. Gadiparthi's accountant, testified that Dr. Gadiparthi provided the consideration to purchase Properties 1–A, 1–B and 1–C, N.T. at 62; R.R. at 76a, and that Dr. Gadiparthi has provided the money for maintenance, taxes, insurance and other expenses connected with maintaining the three properties. N.T. at 64–65; R.R. at 78a–79a.

At the conclusion of the hearing, the Department conceded that Property 2, titled in Decedent's name as trustee for the children, is not subject to inheritance tax. The deeds of Properties 1–A, 1–B and 1–C; R.R. at 113a–124a, submitted at

1. Commonwealth Exhibit A; Reproduced Record (R.R.) at 105a–10a.

the hearing as joint exhibits, reflect that during the marriage all three of the contested properties were acquired and deeded to Decedent solely.

On November 16, 1992, the common pleas court issued an order sustaining Dr. Gadiparthi's appeal and directed the Department not to include the four properties as assets of the Estate. The common pleas court determined, based upon the testimony, that an oral agreement existed between Dr. Gadiparthi and Decedent and that she held the property in trust for her husband. It is from this determination that the Department appeals.

The Inheritance and Estate Tax Act (Estate Tax Act or Act), Sections 2101–2196 of the Act of March 4, 1971, P.L. 6, *as amended*, added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. §§ 9101–9196, provides that an inheritance tax is imposed upon every *transfer* subject to the tax, as outlined in the Act. The Pennsylvania Supreme Court has recognized that the inheritance tax is imposed upon the privilege of receiving a decedent's property, or alternatively, is a tax on the right of succession in the estate of the decedent. *In re Estate of Kleinhans*, 454 Pa. 539, 545, 312 A.2d 366, 370 (1973). The Department alleges that the common pleas court erred in determining that no inheritance tax was due on Properties 1–A, 1–B and 1–C by: (1) allowing testimony to go beyond the existence of record title in determining ownership; (2) permitting Dr. Gadiparthi to testify in violation of the Dead Man's Act; (3) permitting Dr. Gadiparthi to continue acting as administrator of Decedent's estate while claiming an adverse interest; (4) determining that a resulting trust existed despite the fact that the minor children were not joined as parties to the action; (5) permitting equitable relief to Dr. Gadiparthi despite his "unclean hands;"[2] and (6) determining that no

2. As we have noted, Dr. Gadiparthi testified at the hearing that the properties were placed in his wife's name in order to protect them because he felt threatened by the possibility of a malpractice action. Remarkably, Dr. Gadiparthi also testified that although he did not want a public record of what he owned, he would state that he owned the property if asked. N.T at 25; R.R. at 39a.

inheritance tax was due when no account has yet been filed and no decree of distribution yet entered.

We first deal with the Department's contention that the common pleas court should not have inquired into the ownership of the properties once Decedent's record ownership was established. We disagree. As we have noted above, the Estate Tax Act imposes a tax upon the transfer of property. Section 2102 of the Act defines property, in part, as "[a]ll real property and all tangible personal property of a resident decedent having its situs in this Commonwealth." 72 P.S. § 9102. The same section defines a transfer as including "the passage of ownership in property, or interest in property or income from property, in possession or enjoyment, present or future, in trust or otherwise." Section 2136(b) specifically provides that "[t]he inclusion of property in the return shall not constitute an admission that its transfer is taxable." 72 P.S. § 9136(b). Consequently, the common pleas court correctly heard testimony on whether the real property in question was "in [Decedent's] possession or enjoyment, present or future, in trust or otherwise," and whether a transfer indeed occurred. Dr. Gadiparthi's testimony bore directly on these points of inquiry.

The Department also contends that Dr. Gadiparthi's testimony in this case violated the statute commonly known as the "Dead Man's Act." The Dead Man's Act provides, in relevant part, that where any party to a thing or contract in action is dead, and his interest has passed to a party on the record who represents his interest in the controversy, neither a surviving party, nor any other person whose interest shall be adverse to the said right or interest, shall be a competent witness to any matter occurring before the death of the party. 42 Pa.C.S. § 5930. The purpose of the Dead Man's Act is to prevent injustice by unfairly permitting a surviving party to a transaction to testify favorably to himself and adversely to the interest of a decedent, who is in no position to refute the testimony; however, the deceased must have an actual right or interest in the matter at issue. *In re Estate of Hall,* 517

Pa. 115, 535 A.2d 47 (1987). Additionally, in order for the Dead Man's Act to control, the one seeking to testify must clearly gain or lose as a result of the legal application of the judgment in question. *In re Estate of Gelb*, 425 Pa. 117, 228 A.2d 367 (1967). Dr. Gadiparthi will clearly gain as the result of a determination that Properties 1–A, 1–B and 1–C were not owned by Decedent, but were held in trust for him. He thereby avoids any transfer tax and disinherits Decedent's children. Under our intestacy law one-third of Decedent's estate passes to her husband and two-thirds to her minor children.

However, Dr. Gadiparthi's testimony does not violate the Dead Man's Act. The Dead Man's Act is subject to certain exceptions, one of which is referred to as the *devisavit vel non* exception. This exception provides that witnesses are competent to testify in disputes arising over the passage of property, through will or intestacy, although their testimony might otherwise be rendered incompetent through operation of the general rule. *In re Estate of McClain*, 481 Pa. 435, 392 A.2d 1371 (1978). This exception applies to disputes involving the transfer of a decedent's estate both by operation of law or by will and renders competent all witnesses claiming decedent's property by reason of her death.

The Department's third contention is that the common pleas court erred in not removing Dr. Gadiparthi as administrator when it became clear that he was asserting an interest in property titled to Decedent. Section 3182 of the Probate, Estate and Fiduciaries Code (Code), 20 Pa.C.S. § 3182, provides that the court has the authority to remove an administrator when the interests of the estate are likely to be jeopardized by his continuance in office.[3] Section 3183 of the Code, 20 Pa.C.S. § 3183, provides that the court may order a personal representative to show cause why he should not be removed and further provides that the court has this same

3. Section 102 of the Code defines "Court, orphans' court or orphans' court division" to mean the court of common pleas exercising its jurisdiction referred to in the Code through its orphans' court division.

power upon petition of a party in interest who alleges adequate grounds.

Although the Department did not formally petition for Dr. Gadiparthi's removal as administrator, it did challenge his fitness as administrator before the common pleas court. N.T. at 4; R.R. at 18a. While a formal petition is the proper avenue to remove an administrator, because of the circumstances presented we do not find that such a petition was necessary here. The common pleas court is authorized to remove an administrator where a conflict of interest is apparent from the circumstances. *In re Dobson's Estate,* 490 Pa. 476, 417 A.2d 138 (1980). *See also In re Estate of Lux,* 480 Pa. 256, 389 A.2d 1053 (1978) (court has power to remove trustee when estate is jeopardized by his actions). Such a conflict is amply evident.

We disagree with Dr. Gadiparthi's assertion that his fitness as an administrator is not at issue in an inheritance tax appeal. Dr. Gadiparthi's position is based upon the proposition that he does not challenge Decedent's title to the properties but only her ownership for tax purposes. While it is technically true that the law recognizes a distinction between a taxable interest and equitable ownership, the fact remains that Dr. Gadiparthi is challenging Decedent's ownership for tax purposes and by necessity he is challenging Decedent's equitable ownership as well. Consequently, because Dr. Gadiparthi has asserted an adverse interest against property titled in Decedent's name he must be removed as administrator. Furthermore, we also agree with the Department's contention that the common pleas court erred in proceeding with this matter because such a course resulted in the Estate and the heirs not receiving the benefit of counsel.

Under the circumstances, we have no choice but to remand this matter to the common pleas court with directions to remove Dr. Gadiparthi as administrator of the Estate, to appoint a new fiduciary to represent the Estate, and finally to conduct a hearing in order to determine what interest, if any, Dr. Gadiparthi possesses in Properties 1–A, 1–B and 1–C.

The court is directed to see that the interests of the Estate are represented at this hearing.

■ The common pleas court is directed to revisit Dr. Gadiparthi's claims of a resulting trust and review his assertion, raised in his brief before this Court, that he is entitled to a statutory exemption from inheritance tax under Section 2111(n) of the Act, 72 P.S. § 9111(n), which provides, "[p]roperty held in the name of a decedent who has no beneficial interest in the property is exempt from inheritance tax.",[4] The common pleas court must keep in mind that Dr. Gadiparthi bears a heavy burden of proof, as the party seeking to establish the existence of a resulting trust must present evidence that is clear, direct, precise and convincing. *Chambersburg Trust Company v. Eichelberger,* 403 Pa.Superior Ct. 199, 588 A.2d 549 (1991).

The Department's contention that the common pleas court acted prematurely in determining that no inheritance tax was due when no account was yet filed and no decree of distribution entered in now rendered moot. The common pleas court in this matter is affirmed only insofar as it exempts Property 2 from taxation and vacated in part and the matter is remanded for rehearing.

### *ORDER*

AND NOW, this 24th day of September, 1993, the order of the Court of Common Pleas of Somerset County is vacated insofar as it determined that Properties 1–A, 1–B and 1–C are not subject to the imposition of tax under the Inheritance and

---

**4.** A "beneficial interest" is defined as profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership or control. *Black's Law Dictionary,* 142 (5th ed. 1979). At the hearing Dr. Gadiparthi testified that he lived with his wife during the course of their marriage, N.T. at 14; R.R. at 28a, and that Property 1–A was their family home. N.T. at 21; R.R. at 35a. He testified that Properties 1–B and 1–C were single-family rental homes purchased for investment purposes. N.T. at 26; R.R. at 40a. He also testified that the rent proceeds were used to pay taxes and maintenance on the homes, and that "the remaining we use for investments." *Id.* Finally, he testified that he and Decedent had stocks and bonds in joint ownership. N.T. at 35; R.R. at 49a.

Estate Tax Act, and it is affirmed insofar as it determined that Property 2 is not subject to such tax, and this matter is remanded for removal of Atchaiah Gadiparthi as personal representative of Lakshmi Gadiparthi's estate. The common pleas court is further directed to appoint a new fiduciary to administer the estate and to conduct a hearing to determine ownership of Properties 1–A, 1–B, and 1–C. Jurisdiction is relinquished.

SILVESTRI, Senior Judge, dissents.