**COMMONWEALTH of Pennsylvania**

v.

**Arthur M. GAVLOCK, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2008.

Decided Dec. 31, 2008.

Andrew J. Ostrowski, Harrisburg, for appellant.

Jason A. Raup, Asst. Counsel, Harrisburg, for appellee.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge FRIEDMAN.

Arthur M. Gavlock appeals from the February 15, 2008, order of the Court of Common Pleas of Clinton County (trial court), which fined Gavlock five hundred dollars for violating section 2307(a) of the Pennsylvania Game and Wildlife Code (Code), 34 Pa.C.S. § 2307(a). We affirm.

On August 24, 2007, Gavlock shot and killed an elk, which he alleged was eating one of his fruit trees. Gavlock contacted the Pennsylvania Game Commission (Commission), which sent game wardens to remove the carcass and investigate the killing. The Commonwealth subsequently cited Gavlock for killing an elk out of season in violation of section 2307(a) of the Code. Gavlock appealed to the trial court.

Before the trial court, Gavlock testified that his wife observed the elk destroying one of his fruit trees and that he had one chance to shoot it before it came back to

destroy the rest of his trees.[1] Gavlock acknowledged that there are non-lethal ways to discourage elk from entering his property, such as firing cracker shot, rubber pellets or having the Commission fence his property, but he testified that he would not use them because he was told that the Commission was out of money and that the cracker shot and rubber pellets could damage his gun. Gavlock indicated that he had observed the same elk on his property for a week, and, although he was concerned that the elk would damage his fruit trees, he did not contact the Commission or take any other protective measures before shooting the elk. On cross-examination, Gavlock acknowledged that he does not cultivate his fruit trees as a primary means of gaining his livelihood, and, thus, he was not a "person" entitled to the exception to section 2307 of the Code set forth in section 2121(a) of the Code.[2] (N.T. at 57–58.) For its part, the Com-

monwealth presented the testimony of various game wardens and other Commission employees, who described their investigation into the matter, the alternative methods to deter elk from entering a property and the estimated value of a cow elk.

After considering the evidence, the trial court found that Gavlock shot the elk during the closed season and that, because Gavlock failed to take any non-lethal steps to discourage the elk, he failed to establish a reasonable justification for killing it. Based on those findings, the trial court found Gavlock guilty of violating section 2307(a) of the Code and assessed a five hundred dollar fine. The trial court rejected Gavlock's assertion that, under *Commonwealth v. Hagan,* 44 Pa.D. & C. 4th 516 (Com.Pl.Elk Co. 2000), a property owner has the inherent and unqualified constitutional right to destroy wildlife for causing any damage to his property.[3]

---

1. Gavlock acknowledged that the only damage to his fruit tree was the loss of a small branch; however, he stated that he shot the elk to prevent it from causing additional damage. (N.T. at 58–59.)

2. In relevant part, section 2121(a) of the Code provides:

   **Killing game or wildlife to protect property (a) General rule.**—Subject to any limitations in this subchapter, nothing in this title shall be construed to prohibit any *person* from killing any game or wildlife:
   
   (1) which the person may witness actually engaged in the *material destruction* of cultivated crops, fruit trees, vegetables, livestock, poultry or beehives;
   
   (2) anywhere on the property under the person's control, including detached lands being cultivated for the same or similar purposes, immediately following such destruction; or
   
   (3) where the presence of the game or wildlife on any cultivated lands or fruit orchards is just cause for reasonable apprehension of additional imminent destruction.
   
   34 Pa.C.S. § 2121(a) (emphasis added). Subsection 2121(c) of the Code provides the defi-

nition of person, stating: "[a]s used in this subchapter, *the word "person" shall be limited to any person cultivating, as a primary means of gaining a livelihood, any lands for general or specialized crop purposes....*" 34 Pa.C.S. § 2121(c) (emphasis added).

3. In *Hagan,* the common pleas court concluded that the exception in section 2121 of the Code, 34 Pa.C.S. § 2121, violated article 1, section 1 of the Pennsylvania Constitution *if* applied solely to those who obtain their primary means of livelihood from cultivating their property and to preclude any other property owner from successfully asserting a "defense of property" exception. However, noting that a statute is to be liberally construed, where possible, to save it from constitutional infirmities, the common pleas court held that a reasonable interpretation of section 2121 was that, notwithstanding the limitations set forth in subsection 2121(c), *all* property owners are protected by a reasonable necessity exception to section 2307(a) of the Code if they present evidence establishing that they had reasonable necessity or justification for killing the animal.

   The elements for the reasonable necessity exception outlined in *Hagan* are similar to

Gavlock appealed to the Superior Court, which transferred the matter to our court.

Before this court,[4] Gavlock raises three issues: (1) whether sections 2307 and 2121 impermissibly infringe upon his inherent right to protect his property against damage as guaranteed by article 1, section 1 of the Pennsylvania Constitution; (2) whether section 2121 violates his constitutional right to equal protection under the law as guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution; and (3) whether the trial court's verdict is against the weight of the evidence presented at trial. In response, the Commonwealth filed a Motion to Strike issues two (equal protection) and three (weight and sufficiency of

the evidence) from Gavlock's appeal, asserting that Gavlock waived those issues. This court ordered that the Motion to Strike be listed with the merits of the case.

As to the merits, Gavlock cites *Hagan* and several other courts of common pleas decisions as support for his position that the definition of "person" set forth in section 2121(c) is impermissibly strict and, as applied here, violates his absolute and unqualified constitutional right to protect his property by killing any wildlife that come onto his property and cause damage thereto.[5] Alternatively, Gavlock contends that he was entitled to the exception because he had reasonable necessity to kill the elk that was destroying his fruit tree.[6]

---

those for the justification defense under section 503 of the Pennsylvania Crimes Code, 18 Pa.C.S. § 503. Our supreme court has addressed this defense, stating:

> In order, then, to be entitled to an instruction on justification as a defense to a crime charged, the actor must first offer evidence that will show: (1) that the actor was faced with a clear and imminent harm, not one which is debatable or speculative; (2) that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm; (3) *that there is no legal alternative which will be effective in abating the harm;* and (4) that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

*Commonwealth v. Capitolo,* 508 Pa. 372, 378, 498 A.2d 806, 809 (1985) (emphasis added).

4. Our review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether the findings of the trial court are not supported by substantial evidence. *Commonwealth v. Smyers,* 885 A.2d 107 (Pa.Cmwlth.2005).

5. *See Commonwealth v. Braun,* 88 Pa.D. & C. 257 (Quar.Sess.Elk Co. 1954); *Commonwealth v. Riggles,* 39 Pa. D. & C. 188 (Quar.Sess.Clinton Co.1940). These cases held that the predecessor sections to the Code with a similar definition of "person" in its

"preservation of property defense" were unconstitutional because those sections did not grant the defense to those who did not cultivate their property as the primary means of their livelihood. While this Court reposes the utmost respect in the decisions of the courts of common pleas, they are not binding on this Court. *In re Funds in Possession of Conemaugh Township Supervisors,* 724 A.2d 990 (Pa.Cmwlth.1999), *aff'd,* 562 Pa. 85, 753 A.2d 788 (2000).

6. The Commonwealth notes that the conservation of the Commonwealth's natural resources, such as elk, is an important common right enjoyed by all citizens and is protected by article 1, section 27 of the Pennsylvania Constitution, and the Commonwealth contends that sections 2307 and 2121 of the Code are reasonable exercises of the Commonwealth's police power which satisfy its obligation to protect the Commonwealth's natural resources. However, the Commonwealth acknowledges that this common right must be balanced with the individual property owner's right to protect his property from damage caused by wildlife. Thus, the Commonwealth acknowledges that there are exceptions to the general prohibition from taking wildlife outside the lawful seasons, including the "Agricultural Protection" exception set forth in section 2121(a) and the "Reasonable Necessity" exception outlined in *Hagan,* which is available to all property owners.

██ However, in making these arguments, Gavlock neglects subsection 2121(b) of the Code, which, in relevant part, provides:

**(b) Protected game or wildlife.**—*Before any game or wildlife, … may be killed, every reasonable effort shall be made to live trap and transfer such game or wildlife.* The trapping and transfer shall be done in cooperation with a representative of the commission.

34 Pa.C.S. § 2121(b) (emphasis added). Thus, to be eligible for the "Agricultural Protection" exception in section 2121(a), the property owner first must make reasonable, non-lethal efforts in cooperation with the Commission, such as live trap and transfer, before taking the final step of destroying the Commonwealth-owned wildlife. 34 Pa.C.S. § 2121(b). Here, the trial court found, and Gavlock admitted, that he refused to consider any reasonable, non-lethal efforts in cooperation with the Commission before taking the final step of destroying the Commonwealth-owned wildlife, as required by section 2121(b) of the Code. For this reason, Gavlock may not rely on section 2121 to justify his killing the elk out of season.

Accordingly, for this reason, we affirm.[7]

### ORDER

AND NOW, this 31st day of December, 2008, the order of the Court of Common Pleas of Clinton County, dated February 15, 2008, is hereby affirmed.

---

7. It is axiomatic that if an issue can be resolved on a non-constitutional basis, then that is the more jurisprudentially sound path to follow. *Wertz v. Chapman Township,* 559 Pa. 630, 741 A.2d 1272 (1999). In addition, we can affirm on any basis evident in the record. *Braxton v. Department of Transportation,* 160 Pa.Cmwlth. 32, 634 A.2d 1150 (1993), *appeal denied,* 539 Pa. 682, 652 A.2d 1326 (1994). In light of our disposition here, we decline to address either of the constitutional issues or Gavlock's evidentiary issue, and we dismiss the Commonwealth's Motion to Strike as moot.