**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MICHAEL VASIL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: DANIEL J. VASIL | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 156 WDA 2021 |

Appeal from the Order Entered January 4, 2021
In the Court of Common Pleas of Mercer County Orphans' Court at No(s):
2017-753

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  January 11, 2022**

Daniel J. Vasil (Daniel) appeals from the January 4, 2021 order of the Court of Common Pleas of Mercer County (trial court) denying without a hearing his petition to remove Michael J. Vasil (Michael) as the administrator of the estate of their late father, Michael Vasil (Decedent).[1]  We affirm.

We glean the following facts from the certified record and the trial court's opinion.  After Decedent's death on November 24, 2017, Michael petitioned for Letters of Administration to serve as the sole administrator of the Decedent's estate.[2]  In response, Daniel filed a counseled caveat claiming

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] For clarity, we refer to the brothers by their first names.

[2] Michael and Daniel are Decedent's only heirs.

that Decedent had executed a will that named Daniel and Michael as the beneficiaries and co-executors of his estate. He attached a photocopy of the will, which was dated February 3, 1988, to the caveat.

From February to June 2018, the Register of Wills (Register) documented numerous phone calls and letters exchanged with Daniel and counsel concerning the original will, which Daniel could not produce. In March 2018, Michael's counsel informed the Register that the parties would each file an affidavit of lost will and a petition for grant of Letters as co-executors of the estate. However, Daniel later called the Register personally to say that he "[didn't] want to pay any more money" to have the photocopy of the will accepted for probate. Docket Entries, Note, 3/13/18. A few days later, Daniel called again and said that he decided to file an affidavit of lost will after all. When he attempted to file his affidavit, the Register informed him that it could not accept it because it did not include the correct language. Subsequently, Daniel's counsel was granted leave to withdraw from the case as Daniel had elected to proceed *pro se.*

The Register then certified the record to the trial court as there had been no resolution on how to proceed with probate and the trial court summarily remanded the record back to the Register. Daniel contacted the Register for advice on the next steps, saying that he did not trust Michael or his counsel. He refused to sign a corrected affidavit of lost will. He eventually informed

the Register that he no longer wanted to serve as a co-executor[3] and the Register sent him a form to renounce his right to administer the estate. Daniel signed the renunciation form and it was docketed on June 11, 2018.

Shortly thereafter, Michael petitioned for grant of Letters of Administration. The Register issued the Letters and sent notice to the local law journal. Daniel continued to contact the Register to complain that Michael was not fulfilling his duties as administrator. Another notation in the docket entries indicates that in November 2020, the trial court requested that all filings be sent to it. **See** Docket Entries, Note, 11/3/20 ("Per Judge Nesbit all filings send to CA/Judge Nesbit" (unnecessary capitalization omitted)).[4]

On January 4, 2021, Daniel filed a Petition for Removal of Administrator Pursuant to Section 3182 of the Probate, Estates, and Fiduciaries Code (Petition). He said that prior to Decedent's death, Michael caused Decedent to revoke a power of attorney naming both Daniel and Michael as his agents,

_____

[3] This letter was not made part of the certified record on appeal, though the trial court quotes the letter in its opinion pursuant to Pa. R.A.P. 1925(a). Nevertheless, the certified docket entries indicate that Daniel wrote that he no longer wanted to serve as co-executor.

[4] The trial court opinion and Michael's brief on appeal reference proceedings in a pending civil case the estate has filed against Daniel alleging that he fraudulently appropriated Decedent's assets prior to his death. The trial court judge who issued the appealed-from order in this case is also presiding over the civil case. The proceedings in the civil case are not before this Court. The only references to the civil case in the certified record appear in Daniel's Petition to remove Michael as administrator, where he argues that the case creates a conflict of interest.

- 3 -

had himself named as the sole power of attorney, and demanded that Daniel produce an accounting of Decedent's retirement account. He averred that Michael had frustrated probate of Decedent's will by losing or destroying it and preventing the photocopy from being admitted. He claimed that he signed the renunciation form after being assured that a "smooth estate transition would ensue" thereafter. Petition at 2 (internal quotations omitted). He claimed that Michael had mismanaged the estate and failed to perform his statutory duties. He asserted that Michael testified in a deposition in the civil case that he did have Decedent's will.

Daniel argued that Michael had failed to advertise the grant of Letters in the law journal and a newspaper of general circulation as required by statute until late 2020. He said that he had requested an inventory of the estate as a beneficiary, and Michael had not complied within the statutory 30-day time period or at all. He complained that Michael had a "history of animosity" toward him and identified three instances between 2015 and 2018 when Michael made a police report concerning his behavior. *Id.* at 5-6.

Finally, he alleged that Michael had engaged in self-serving behavior as the administrator by withholding or destroying his will, concealing the sale of Decedent's house, filing the civil suit to increase his share of the estate, seeking the return of assets that were not intended to be part of the estate and confiscating Decedent's personal property. As a result, he requested that Michael be removed as administrator and requested an evidentiary hearing.

The trial court denied the Petition the same day. Daniel filed a timely notice of appeal and he and the trial court have complied with Pa. R.A.P. 1925.

Daniel raises one issue on appeal: whether the trial court erred by denying him a hearing to present evidence in support of his Petition to remove Michael as the administrator.[5] Daniel alleges that Michael should be removed because he has failed to perform four statutory duties: publication of the granting of Letters, 20 Pa.C.S. § 3162; notification of beneficiaries, Pa. O.C. Rule 10.5; filing of an inventory, 20 Pa.C.S. § 3301(c); and filing of inheritance tax returns, 72 P.S. § 9136. He also argues that Michael is biased against him and has a conflict of interest, based on the pending civil case that should preclude him from serving as administrator. He concludes that he is entitled to an evidentiary hearing to develop these claims and the appointment of an independent third-party to serve as administrator.

A court may remove an administrator when, *inter alia*, he "is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law," or "when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office." 20 Pa.C.S. § 3182(1), (5). If a party petitions for removal, the court may order the administrator to appear and show cause why he should not be

_____

[5] We review the trial court's denial of a petition to remove a personal representative for an abuse of discretion. ***In re Estate of Andrews***, 92 A.3d 1226, 1230 (Pa. Super. 2014).

removed. 20 Pa.C.S. § 3183. "[R]emoval of a fiduciary is a drastic action which should be taken only when the estate is endangered and intervention is necessary to protect the property of the estate." *In re Estate of Westin*, 874 A.2d 139, 143 (Pa. Super. 2005) (citation omitted).

First, we address the statutory duties Daniel contends that Michael has failed to perform as administrator. Regarding publication of the grant of Letters, Daniel concedes that Michael did comply and publish the grant of Letters as required by statute, albeit two years after they were granted. *See* Daniel's Brief at 10; Petition at 4-5. He does not argue that the delay jeopardized the interests of the estate or resulted in any prejudice. He also argues that Michael failed to notify every heir of the grant of Letters and certify to the Register that he completed the notification. Daniel and Michael are Decedent's only heirs and there is no dispute that Daniel had actual notice of the grant of Letters. He litigated the issue of the purportedly lost will, signed a renunciation form allowing Michael to proceed as sole administrator for the estate, and was in frequent contact with the Register concerning the status of the estate.[6] On these facts, the trial court did not abuse its discretion in concluding that minor procedural missteps of failing to timely publish the grant of letters and give formal notice did not establish "the estate is endangered

_____

[6] Michael filed the required certification on September 22, 2021, after the Petition was denied, confirming that he had formally notified Daniel of the grant of Letters on September 14, 2021.

and intervention is necessary to protect the property of the estate." *Estate of Westin*, *supra*.

Next, Daniel argues that Michael did not produce an inventory of the estate or file an inheritance tax return.[7] Initially, we note that Michael filed an inventory and a copy of the inheritance tax return while this case was pending on appeal, which the trial court prothonotary submitted to this Court as a supplemental record. Both documents aver that the estate currently has no assets or debts, no inheritance tax is currently owed and there is no personal or real property to include in an inventory. The inventory states "[l]itigation is pending seeking the return of assets believed to be estate assets. . . . A sup[p]lemental inventory will be filed if recover[y] is made." Inventory, 10/14/21. Daniel agrees that the estate has no assets.

In its opinion, the trial court relied on a letter filed of record from estate counsel to the Pennsylvania Department of Revenue dated March 4, 2020. The letter explained that the civil case against Daniel was pending and that the estate otherwise had no significant assets. It stated, "I anticipate a recovery or settlement being made and litigation closing before the end of the year. At that point, when the estate has monetary assets, we will complete and file the subject inheritance tax return and estate inventory." Letter,

_____

[7] Daniel did not include his argument related to the failure to file an inheritance tax return in his Petition in the trial court. Accordingly, it is waived. *See* Pa. R.A.P. 302(a).

- 7 -

3/12/20, at 2. The trial court concluded that this was a reasonable explanation for Michael's failure to produce an inventory and did not warrant removal. We discern no abuse of discretion.

Likewise, the trial court did not abuse its discretion in finding no conflict of interest necessitating Michael's removal.[8] We have previously held that a trial court did not abuse its discretion in removing a personal representative when the estate's interests were adverse to the representative or would require the representative to pursue a claim against himself or his business entity. *See In re Estate of Andrews*, 92 A.3d 1226, 1232 (Pa. Super. 2014) (executrix had conflict of interest when she received loans from the estate that she contended she did not have to repay); *Estate of Westin*, *supra* (executor had actual conflict of interest when an employee at his law firm embezzled funds from the estate). Serving as both personal representative and beneficiary of an estate "does not, of itself and without another more specific conflict, present the sort of intractable conflict of interest that would

---

[8] In his Petition, Daniel included several examples of incidents between Michael and himself that occurred before Decedent's death and while they were attempting to resolve the issue of the lost will. The trial court correctly concluded that because Daniel signed the renunciation form and acceded to Michael's role as administrator after those incidents occurred, he cannot now rely on them as a basis for removal. In any event, Daniel does not raise these issues in his brief on appeal so they are abandoned. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (stating an issue identified below but not developed on appeal is waived).

necessarily prevent [a representative] from carrying out her fiduciary duties." *In re Estate of Mumma*, 41 A.3d 41, 52 (Pa. Super. 2012).

Here, the civil suit filed against Daniel alleges that he abused his power of attorney to fraudulently remove funds from Decedent's retirement account prior to his death. That the estate's interests in recovering those funds are adverse to Daniel's does not establish that Michael, as administrator, has a conflict of interest in representing the estate. To the contrary, the lawsuit is a means to ensure that the estate's interests are protected if the Decedent's retirement account was, in fact, misappropriated. Michael's actions as administrator are not contrary to the interests of the estate and are not a valid basis for removal. *Id.* Because Daniel did not allege in his Petition any basis that would support removal of Michael as administrator, the trial court did not abuse its discretion in denying the Petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022