IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Philadelphia Housing Authority | : | |
| | : | |
| v. | : | No. 463 C.D. 2023 |
| | : | |
| Tyrell Bryant | : | Submitted: September 9, 2024 |
| | : | |
| Appeal of: Tyrell Bryant | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED: October 22, 2024


        Tyrell Bryant (Appellant) appeals from the judgment entered in the Court of Common Pleas of Philadelphia County (trial court) in favor of Philadelphia Housing Authority (PHA) and granting PHA a writ of possession for the public housing rental unit it owns located at 2528 N. Sartain Street, Philadelphia, Pennsylvania (the Property) in this ejectment action.  Upon review, we affirm.

## I.        Facts and Procedural History

        The relevant facts and procedural history of this case are as follows.  PHA leased the Property to Appellant's grandmother, Annie Hatten (Decedent) on March 14, 1972.  PHA revised its leases several times from 1995 through 2018, and it required its tenants to execute lease recertifications.  Although Decedent listed Appellant and two additional family members as occupants of the Property on the lease in July of

1995, she listed only herself as the lessee and occupant on all documents and recertifications from 2012 forward.

When Decedent passed away on August 31, 2020, Appellant continued to reside at the Property. On April 30, 2021, PHA filed a Complaint in ejectment against Appellant seeking possession of the Property. Appellant filed preliminary objections (POs) to the Complaint based on PHA's failure to provide an abstract of title for the Property, in contravention of Pennsylvania Rule of Civil Procedure (Rule) 1054(b).[1] The trial court sustained the POs and PHA filed an Amended Complaint on April 14, 2022, attaching the deed showing that it purchased the Property on March 6, 1972, from the Philadelphia Housing Development Corporation. (Reproduced Record (R.R.) at 8a.) Appellant then raised a Rule 1054(b) PO to the Amended Complaint, which the trial court overruled on July 21, 2022.

Approximately one month later and seven days prior to trial, on August 22, 2022, Appellant filed an Answer to the Amended Complaint with New Matter and Counterclaim (Answer with New Matter), in which he admitted that PHA holds title to the Property and that Decedent passed away in August of 2020. (Answer, ¶¶ 2, 7; R.R. at 34a, 35a.)[2] Appellant averred that, prior to her death, Decedent met with PHA to begin the process of purchasing the Property. (*Id.* ¶ 52; R.R. at 43a.) Appellant further asserted that he "has all the rights to possession of the Property and the right to purchase the Property as an heir to the Estate of [Decedent]." (*Id.* ¶ 53; R.R. at 43a.) PHA did not file a responsive pleading.

---

[1] This Rule governs actions in ejectment and provides: "A party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties." Pa.R.Civ.P. 1054(b).

[2] We note that Appellant filed this pleading late, beyond the 20-day deadline. *See* Pa.R.Civ.P. 1028(d) (providing that if POs are overruled, objecting party has right to file pleading within twenty days of notice of order).

The parties proceeded to a bench trial on August 29, 2022, at which PHA's supervising property manager, Patricia Ripka, was the sole witness. Ms. Ripka testified that Decedent was periodically required to apply for continued occupancy of her rental unit and that her most recent recertification was filed in 2018. (R.R. at 61a-65a.) Ms. Ripka explained that, while Appellant was listed on the lease as a family member in the past, Decedent had not listed Appellant, or anyone other than herself, as an occupant of the Property on the recertification documents since 2012. (R.R. at 61a- 65a.) When asked how PHA learned of Decedent's death, Ms. Ripka testified as follows:

> Q. Ms. Ripka, when did PHA become aware [Decedent] had passed away?
>
> A. We became aware in May of 2020.
>
> Q. How so?
>
> A. By the [Housing and Urban Development (HUD)] Deceased Tenant Report [(HUD Report)].

(R.R. at 66a.) Appellant objected to Ms. Ripka's testimony concerning the HUD Report, arguing that it constituted inadmissible hearsay. *Id.* The trial court overruled the objection, on the basis that the testimony was not offered for the truth of the matter asserted. PHA did not seek to enter the HUD Report itself into evidence.

Appellant also lodged a continuing objection to Ms. Ripka, as an opposing party, "testifying to anything regarding the lease of the Decedent," because this evidence violates the "Dead Man's Rule."[3] (R.R. at 53a, 56a.) Appellant declined to

---

[3] The "Dead Man's Rule" is codified at 42 Pa.C.S. § 5930 and provides in pertinent part as follows:

> [I]n any civil action or proceeding, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record

**(Footnote continued on next page…)**

cross-examine Ms. Ripka, and he presented no testimony or documentary evidence to the trial court.

On December 12, 2022, the trial court entered its verdict in favor of PHA and against Appellant, granting PHA a writ of possession for the Property. Appellant filed post-trial motions, which the trial court denied by opinion and order issued April 5, 2023. The trial court entered judgment on the verdict and this appeal followed.

## II. Issues

Appellant raises the following five issues on appeal: (1) the trial court erred in entering judgment in favor of PHA where PHA failed to file a responsive pleading to Appellant's Answer with New Matter; (2) the trial court lacked jurisdiction over this case because PHA failed to attach an abstract of title to its Amended Complaint in violation of Rule 1054(b); (3) the trial court also lacked jurisdiction because PHA failed to join Decedent's estate or any unknown occupants of the Property as indispensable parties; (4) the trial court erred in allowing the testimony of Ms. Ripka concerning her interactions with Decedent and the contents of the PHA lease in violation of the Dead Man's Rule; and (5) the trial court erred in permitting the testimony of Ms. Ripka relating to the HUD Report, as it constituted inadmissible hearsay. (Appellant's Br., at 4-5.)

---

who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . party, shall be a competent witness to any matter occurring before the death of said party . . . .

42 Pa.C.S. § 5930.

4

### III. Discussion

### A. PHA's Failure to File a Responsive Pleading

Appellant first contends that the affirmative defenses, counterclaims, and factual averments in his Answer with New Matter should have been deemed admitted by the trial court because PHA did not file a responsive pleading thereto. According to Appellant, a new trial is warranted because he was denied due process to pursue his counterclaims. (Appellant's Br., at 13-17.)

We begin by reiterating, regarding the procedural background of this case, that the trial court overruled Appellant's POs to PHA's Amended Complaint on July 21, 2022. However, Appellant did not file his Answer with New Matter until August 22, 2002, well beyond the 20-day deadline for filing the pleading and just 7 days prior to trial. *See* Pa.R.Civ.P. 1028(d) (providing that if POs are overruled, objecting party has right to file pleading within twenty days of notice of order). Therefore, Appellant filed his Answer with New Matter late, and on the eve of trial. In doing so, he deprived PHA of adequate time to investigate and respond to his claims.

Furthermore, even if Appellant had timely filed his pleading, he lacks a legal basis for asserting that the **affirmative defenses, counterclaims, and factual averments** contained in his Answer with New Matter should have been deemed admitted by the trial court. Generally, "a plaintiff's failure to reply in a timely manner to a defendant's new matter results . . . in admission of **factual** averments" contained therein. *Edmond v. Southeastern Pennsylvania Transportation Authority*, 651 A.2d 645, 646 n. 4 (Pa. Cmwlth. 1994); *see also* Pa.R.Civ.P. 1029(b) (stating averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication). Thus, the affirmative defenses and

5

counterclaims asserted by Appellant are not implicated by the lack of responsive pleading.

With regard to Appellant's factual averments, we acknowledge his claim that, before Decedent died, she met with PHA to "begin the process" of purchasing the Property. (R.R. at 43a.) However, Appellant did not aver that Decedent and PHA had actually reached an agreement to purchase the Property or explain how any such contract would have transferred to him upon her death.

Even more fundamentally, at trial, Appellant offered **no evidence whatsoever** to support these bare assertions and instead chose to rest his case without calling witnesses or introducing any exhibits. Under these circumstances, where Appellant was given ample opportunity to present testimony and evidence supporting his defenses and counterclaims at trial, but chose not to do so, we discern no error on the part of the trial court with respect to its treatment of his Answer with New Matter.[4]

## B. Lack of Jurisdiction for Rule 1054(b) Violation

Appellant next contends the trial court lacked jurisdiction over this matter because PHA failed to attach an abstract of title to its Amended Complaint, in contravention of Rule 1054(b). He maintains that PHA's submission of the deed did not satisfy this requirement because a deed is a materially different document than an abstract of title. (Appellant's Br., at 17-22.)

We begin by observing with respect to the nature of this case that

> [e]jectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. Specifically, to support an action in ejectment, the evidence must be

---

[4] While our reasoning differs from that of the trial court, it is well settled that we can affirm on any basis evident in the record. *See Commonwealth v. Gavlock*, 964 A.2d 455, 458 n.7 (Pa. Cmwlth. 2008).

sufficient to identify the land in dispute and establish the plaintiff's right to possession thereof. The burden of identifying and locating the land clearly rests upon the plaintiff. In this regard, plaintiff has the burden of presenting definite and certain evidence of the boundary of the property in controversy. A preponderance of the evidence is sufficient to establish that boundary.

*Borough of Ulysses v. Mesler*, 986 A.2d 224, 227 (Pa. Cmwlth. 2009). Rule 1054 governs actions in ejectment and states:

(a) The plaintiff shall describe the land in the complaint.

(b) A party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties.

Pa.R.Civ.P. 1054(a)-(b).

"An abstract of title is simply a compilation in an abridged form of the record of the [owner's] title; it is a summary of the most important parts of the deeds and other instruments comprising the evidences of title, arranged in chronological order, and intended to show the original source and incidents of title." *Busin v. Whiting*, 535 A.2d 1078, 1080 (Pa. Super. 1987), *reversed on other grounds*, 570 A.2d 508 (Pa. 1989).[5]

Here, PHA attached the deed for the Property to its Amended Complaint, evidencing its exclusive title in the Property. In fact, it is undisputed in this case that title in the Property rests with PHA, as Appellant admitted to this in his Answer with New Matter. Accordingly, we agree with the trial court's conclusion that PHA provided sufficient documentation to establish title to the Property to satisfy the requirement of Rule 1054(b).

---

[5] While Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

## C. **Lack of Jurisdiction for Failure to Join Indispensable Parties**

Appellant also asserts lack of jurisdiction for PHA's failure to join the Decedent's estate and any members of her family who reside at the Property in accordance with Rule 2227, Pa.R.Civ.P. 2227. He maintains that these unserved, unnamed family members risk removal from the Property if the sheriff executes on the writ of possession and their absence from this action was fatal to the trial court's jurisdiction. (Appellant's Br. at 22-24.)

"An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without impairing or infringing upon those rights." *Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751, 755 (Pa. Cmwlth. 1999). "The failure to join an indispensable party deprives the court of subject matter jurisdiction." *Id.* Rule 2227 governs joinder of indispensable parties and states as follows:

> (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

> (b) If a person who must be joined as a plaintiff refuses to join, he or she shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

Pa.R.Civ.P. 2227(a)-(b). With respect to ejectment proceedings, the Pennsylvania Supreme Court has held that ejectment is a possessory action and "the only necessary or indispensable party to an ejectment action is the person in actual possession of the land[.]" *Bannard v. New York State Natural Gas Corp.*, 172 A.2d 306, 310 (Pa. 1961).

In the instant case, the Property is entirely owned by PHA and was leased to Decedent as a rental unit. PHA has brought no claim against Decedent's estate and therefore was not required to join it. With respect to PHA's obligation to join unnamed

parties, nothing of record indicates that anyone other than Appellant occupies the subject rental unit. Thus, the only "indispensable party to [this] ejectment action is the person in actual possession of the land," *i.e.*, Appellant. *See id.* We therefore agree with the trial court's conclusion that it properly exercised jurisdiction over this matter where no other party had a joint interest in this ejectment action.

### D. <u>Testimony of Ms. Ripka in Violation of Dead Man's Rule</u>

Appellant next argues the trial court erred in allowing Ms. Ripka to testify concerning the circumstances of the lease between Decedent and PHA in violation of the Dead Man's Rule. He maintains that because Ms. Ripka's interests are adverse to those of Decedent, Ms. Ripka was not competent to testify to matters that occurred before Decedent's death. (Appellant's Br. at 24-32.)

"The Dead Man's Act provides, in relevant part, that where any party to a thing or contract in action is dead, and his interest has passed to a party on the record who represents his interest in the controversy, neither a surviving party, nor any other person whose interest shall be adverse to the said right or interest, shall be a competent witness to any matter occurring before the death of the party. 42 Pa.C.S. § 5930." *In re Estate of Gadiparthi*, 632 A.2d 942, 945 (Pa. Cmwlth. 1993). "The purpose of the Dead Man's Act is to prevent injustice by unfairly permitting a surviving party to a transaction to testify favorably to himself and adversely to the interest of a decedent, who is in no position to refute the testimony; however, **the deceased must have an actual right or interest in the matter at issue**." *Id.* (emphasis added).

Here, the Dead Man's Rule is not applicable and does not bar Ms. Ripka's testimony concerning the lease because neither Decedent nor her Estate have an interest in the result of this ejectment litigation. It is undisputed that the Property is owned by PHA and was only ever leased to Decedent before her death. The only issue before the

trial court was whether Appellant was legally occupying that rental unit. *See Borough of Ulysses*, 986 A.2d at 227 (ejectment is possessory action only). Accordingly, the trial court did not err in permitting Ms. Ripka to testify regarding the circumstances of the lease.

### E. Hearsay Challenge to Testimony Regarding HUD Report

Lastly, Appellant contends that Ms. Ripka's testimony referencing the HUD Report constituted impermissible hearsay offered to prove the truth of the matter asserted. Specifically, he maintains this testimony was offered only to show that Decedent was no longer alive, and that she therefore had no possessory interest in the Property. (Appellant's Br. at 32-35.)

Initially, we observe that "the admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Pettit v. Department of Transportation, Bureau of Driver Licensing*, 315 A.3d 268, 272 (Pa. Cmwlth. 2024). Pennsylvania Rule of Evidence 801(c) defines hearsay as an out-of-court statement made by a declarant, which is offered into evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). "A statement is hearsay only if it is offered to prove the truth of the matter asserted in the statement. There are many situations in which evidence of a statement is offered for a purpose other than to prove the truth of the matter asserted." *Id.*, Comment; *see also Jerry v. Department of Corrections*, 990 A.2d 112, 116 (Pa. Cmwlth. 2010) (out-of-court statement offered to explain a course of conduct is not hearsay).

Here, the trial court permitted Ms. Ripka to briefly testify that PHA became aware of Decedent's passing through the HUD Report listing deceased tenants. This testimony did not constitute hearsay because it was not offered to prove the truth

of the matter asserted, *i.e.*, it was not offered for purpose of proving that Decedent had passed away. Rather, the testimony was offered only to show how PHA came to learn of its tenant's death. Indeed, the fact of Decedent's death was never in dispute in this case, as Appellant admitted to her passing in his Answer with New Matter. In short, we discern no error in the trial court's hearsay ruling.

## IV. <u>Conclusion</u>

In sum, we find: no error in the trial court's treatment of Appellant's Answer with New Matter; the trial court properly exercised jurisdiction over this case; and the trial court properly permitted the testimony of Ms. Ripka over Appellant's Dead Man's Rule and hearsay objections. Accordingly, because none of the issues raised by Appellant on appeal merit relief, we affirm the judgment entered by the trial court in favor of PHA and against Appellant.

 

 

 

 

_____
PATRICIA A. McCULLOUGH, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Housing Authority　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　:　　No. 463 C.D. 2023
　　　　　　　　　　　　　　　　　　:
Tyrell Bryant　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
Appeal of: Tyrell Bryant　　　　　　:

## _ORDER_

　　　　AND NOW, this 22nd day of  October, 2024, the judgment entered in the Court of Common Pleas of Philadelphia County in favor of Philadelphia Housing Authority and against Tyrell Bryant is hereby AFFIRMED.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　PATRICIA A. McCULLOUGH, Judge